## McCUE *v.* GALLAGHER *et al.*

WHERE A purchases land with his own funds, but before the execution of the deed enters into a verbal contract with B by which the deed from the grantor is executed directly to B, and B is at some future time to pay A the purchase money : *held,* that a resulting trust is not created in favor of A.

APPEAL from the Sixteenth Judicial District, Amador County.

The complaint avers that about the second day of April, 1861, plaintiff, Francis McCue, purchased of one Flesham a lot of land, for which he paid said Flesham three hundred and fifty dollars, and that after the purchase Michael McCue, since deceased, requested of plaintiff that his name might be inserted in the deed as the grantee, and stated that he would, at some future time, purchase the property of plaintiff and pay him therefor said sum of three hundred and fifty dollars, and that plaintiff then directed the deed from Flesham to be made to said Michael, and that there was an express understanding at the time that plaintiff should be the owner of the property until it was paid for. Complaint further avers, that about the first of August, 1861, plaintiff demanded of said Michael the money or a deed of the property, and that he failed to pay the money and refused to execute a deed, and that Michael has since died, and defendant Gallagher is the administrator of his estate, and the other defendant was the wife of Michael at the time of his death, and claims the property as his heir.

Defendant demurred to the complaint, and the Court sustained the demurrer, and plaintiff appeals.

*John W. Armstrong*, for Appellant.

The statute for the prevention of frauds, provides: " No estate or interest in lands, other than for leases for a term not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered, or declared, unless by act or operation of law, or by deed or conveyance in writing." (Wood's Dig. 106, Sec. 6.)

This section of the law has received an authoritative construction in the case of *Osborn* v. *Endicot* (6 Cal. 154), where it is said: " Before the passage of the English statute, trusts were created (except, probably, in a few cases) and proved by parol; and after the statute resulting trusts, or trusts by operation of law, were held to be exceptions from the operation of the rule. Our statute does not change the common law on this subject, and trusts of this

nature may be proved as they could before its passage." I refer the Court to the case of *Russ* v. *Mebius* (16 Cal. 355), which is directly in point.

Parol evidence is admissible to prove the facts from which a trust arises by the operation of law, *vide:* Greenl. Ev. 266; 1 John. Ch. 586; 2 Id. 409. Ch. Kent, in his Commentaries, says: "The payment of the money, at the time, is indispensable to the creation of the trust;" and this fact may be established, or the resulting trust rebutted by parol proof.  (4 Kent, 338.)

*S. B. Axtell,* for Respondent.

It clearly appears that the land was intended for Michael, and that all Francis wanted was his money, and that all he wanted of the land was a lien upon it for three hundred and fifty dollars. If I am trusted by operation of law, I cannot, by my own volition, change myself into a grantee. I cannot, by the payment of money, defeat the estate of my *cestui que trust.* Appellant agreed that respondent should own the land absolutely, upon the payment of three hundred and fifty dollars. This shows that he considered the money loaned to his brother.  (Sanderson's Uses, 227.)

Had Francis been the actual owner, and conveyed to Michael, his brother, saying: "Take this land, and pay me when you are able," and Michael replied: "I will consider it yours till it is paid for," he is evidently a trusted man, but not a trusteed one.

COPE, C. J. delivered the opinion of the Court—NORTON, J. concurring.

We think the facts stated in the complaint in this case do not establish a resulting trust. The property was purchased by the plaintiff, but before the conveyance was executed he transferred to his brother the benefit of the purchase, the latter agreeing to pay the purchase money. The conveyance was made directly to the brother, and the only inference from the facts stated is that it was intended for his use. The facts of the case are incompatible with the idea of a resulting trust in favor of the plaintiff. Such trusts are created by implication of law, and not upon the presumption that he who pays the purchase money intends the purchase for his

own benefit. The presumption may be rebutted, however, and a contrary intention shown; and the intention at the time of the conveyance must necessarily control. The trust must exist then, or not at all.

It is possible that the plaintiff may enforce his claim as a lien upon the property; but this question is not before us, and it is unnecessary to decide it.

The judgment is affirmed.