[Civil No. 2399.   Filed March 18, 1927.]

[254 Pac. 223.]

LILLIE N. HOOD, ARTHUR C. BERNER and WALTER E. D. BERNER, Appellants, v. HUGH E. FLETCHER, FANNIE Q. FLETCHER and OSCAR WALTERS, Appellees.

Mr. W. G. Gilmore, for Appellants.

Mr. Alexander Murry, for Appellees.

GIBBONS, Superior Judge.—This case is one wherein plaintiffs seek to quiet title to a tract of land situated in Cochise county, Arizona. The land in question was leased by the record owner, Wm. J. Berner, to defendants, appellees, on April 26th, 1913, for a named rental and for a period of twenty years.

It appears that at the time of executing a contract of lease the lessor, Wm. J. Berner, was a married man. That his wife was one Melissa R. Berner, a resident of the state of Missouri, and who had never been a resident of the state of Arizona. That subsequent to the execution of the lease Berner and his wife died intestate, leaving as heirs the plaintiffs Lillie N. Hood, Arthur C. Berner and Walter E. D. Berner. The first named plaintiff was a resident of the state of Arizona, the other two having been nonresidents. It appears, further, that the contract of lease of the premises in question was executed only by the said Wm. J. Berner and that his wife, Melissa R. Berner, took no part in the making of the contract and did not sign the lease.

The matter was tried to the court, sitting without a jury, and was presented on plaintiffs' amended complaint, defendants' answer and cross-complaint, and plaintiffs' answer to defendants' cross-complaint. Plaintiffs interposed demurrers to defendants' answer and cross-complaint, which demurrers were overruled by the court. Upon the refusal of the plaintiffs to answer the defendants' cross-complaint, and the said refusal being duly entered of record, the court proceeded to hear testimony by defendants in support of their cross-complaint, and at the conclusion thereof rendered judgment thereon in favor of cross-complainants and defendants, quieting title to said land.

The case presents only one question to the court for solution. Did Wm. J. Berner, on April 23d, 1913, and in the lifetime of his wife, Melissa R. Berner, have a right to alienate by lease the whole community estate, the wife not joining in the lease contract?

Appellants, plaintiffs below, concede that paragraph 2061 of the Revised Statutes of Arizona of

1913, cannot be invoked to declare the lease void for the reason that said statute did not take effect until a time subsequent to the making of the said lease, to wit, on October 1st, 1913. Appellants do, however, rely upon the provisions of paragraph 3104, Revised Statutes of Arizona of 1901, which paragraph reads as follows:

"All property acquired by either husband or wife during the marriage, except that which is acquired by gift, devise or descent, or earned by the wife and her minor children, while she has lived or may live separate and apart from her husband, shall be deemed the common property of the husband and wife, and during the coverture personal property may be disposed of by the husband only; but the wife must join in all deeds and mortgages affecting real estate except unpatented mining claims."

The question turns upon the meaning of the word "deed" in the paragraph quoted. Appellants devote their entire brief to a discussion of the question in an effort to show that the word "lease" is included in the word "deed." In support of this view they define a deed as:

"An instrument under seal, containing a contract or agreement which has been delivered by the party to be bound and accepted by the obligee or covenantee."

This was, in substance, the common-law definition of a deed. The term then had a much broader meaning than it has to-day. Also, in considering this definition, it must be borne in mind that the word seal had a different meaning then than it has under modern statutory law. Whereas, formerly, the word "seal" meant a private seal, to-day private seals have been abolished by statute in this state. Title 58, par. 2783 (§ 1), Rev. Stats. Ariz. 1887; Title 66, par. 4054 (§ 1), Rev. Stats. Ariz. 1901; Title 58, par. 5564, Rev. Stats. Ariz. 1913.

Formerly, the word "deed" was synonymous with the word "act," and, as the law recognized a peculiar sanctity in the use of a seal, an act under seal became something finished, sacred and worthy of great respect. Hence a man's act under seal became his deed, and likewise any instrument under seal became his deed, irrespective of the nature of the transaction involved. But the term "deed" is used now in a more limited sense and as meaning a written instrument, duly acknowledged by a competent party, conveying the title to land. *Test Oil Co.* v. *La Tourette,* 19 Okl. 214, 91 Pac. 1025.

That it was the intention of the legislature to use the word in this limited sense seems obvious. This view is strengthened by reading paragraph 2061, Revised Statutes of Arizona of 1913, which took effect subsequent to the execution of the lease in question. This paragraph reads as follows:

"No conveyance, transfer, mortgage or incumbrance of any real estate which is the common property of husband and wife, or any interest therein, shall be valid unless such conveyance, transfer, mortgage or incumbrance shall be executed and acknowledged by both the husband and wife. But the provisions of this section shall not apply to unpatented mining claims, which may be conveyed, transferred, mortgaged or incumbered by the one in whose name the title or right of possession of any such mining claim may be, without the other joining in such conveyance, transfer, mortgage or incumbrance."

If the term "deed" had a broad meaning contended for by appellants, the provision of this section would become largely a mere useless repetition of the former statute. It would seem that, as the former statute limited the cases requiring the wife's signature to deeds and mortgages, in the later statute it extended the requirement to include not only deeds and mortgages, but transfers, conveyances, mortgages and encumbrances. This later statute is

evidently much more comprehensive, including as it does the former provisions, and, in addition thereto, transfers, conveyances and encumbrances, which would include the term "lease." In trying to arrive at the intention of the legislature, this seems to the court the most reasonable interpretation to place upon the meaning of the word "deed." In conformity with the views herein expressed, the judgment of the lower court is affirmed, quieting the title of the defendants to the land in question.

ROSS, C. J., and McALISTER, J., concur.

LOCKWOOD, J., being disqualified, Honorable A. S. GIBBONS, Judge of the Superior Court of Apache County, was called to sit in his stead.