[Civ. No. 5472. Second Appellate District, Division One.—May 21, 1928.]

COMMERCIAL SECURITIES CORPORATION CONS., Appellant, v. LINDSAY MERCANTILE COMPANY (a Corporation), Respondent.

G. W. Zartman for Appellant.

C. W. Braswell for Respondent.

WOOD (W. J.), J., *pro tem.*—Plaintiff commenced this action to recover possession of an automobile and prosecutes this appeal from a judgment in defendant's favor. One J. R. Hobbs was the owner of the automobile and applied to one E'. Allen Abbott for a loan thereon. Hobbs indorsed his certificate of legal ownership in favor of Abbott, who, in turn, executed a conditional sale contract whereby he purported to sell his car back to Hobbs. The conditional sale contract contained the provisions in regard to title remaining in the seller and to defaults on the part of the buyer which are customary in instruments of this kind. The car was then registered in the office of the motor vehicle department in the name of Abbott as legal owner and Hobbs as registered owner. Thereafter, on January 1, 1926, Hobbs desired to borrow an additional sum and surrendered the conditional sale contract to Abbott, who loaned him the sum wanted and executed and delivered to him a new conditional sale contract, the legal title continuing to be registered in the name of Abbott. The conditional sale contract last mentioned and the certificate of legal ownership were then assigned by Abbott to the plaintiff and on January 13, 1926, a new certificate of legal ownership was issued by the motor vehicle department to plaintiff. Early in January, 1926, and before default by Hobbs on the conditional sale contract, defendant obtained a writ of execution in an action in which defendant herein was plaintiff and J. R. Hobbs defendant, and in which judgment against Hobbs had been taken by default. The automobile in question was levied upon and bought at a constable's sale by the defend-

ant. At the time of the sale plaintiff made a third-party claim to the car and gave notice thereof to all concerned. After default by Hobbs on the conditional sale contract, plaintiff demanded possession of the car from the defendant. Upon defendant's refusal to turn over the car to plaintiff this action was commenced.

Plaintiff now contends that its right to possession of the car is established by the registration of the legal ownership in its name and the conditional sale contract. We are of the opinion that the rights of plaintiff in the transaction were only those of a mortgagee. The case of *Bonestell* v. *Western Automotive Finance Corp.*, 69 Cal. App. 719 [232 Pac. 734], seems to be decisive of the question involved herein. In that case one Chrisman applied to the defendant for a loan, offering to secure the repayment of the loan by creating a lien upon an automobile. He gave a bill of sale covering the automobile to defendant, who thereupon executed and delivered to him a conditional sale contract similar in its provisions to the contract in the case now before us. Chrisman defaulted in his payments and defendant took possession of the car. Chrisman then assigned his rights to the property to plaintiff, who recovered judgment for the possession of the car. In affirming the judgment the court said: ''The whole transaction, though couched in the form of a bill of sale from Chrisman to the appellant and a conditional agreement of sale from the appellant to Chrisman, was simply a device to secure the repayment of the sum of $750 loaned by the appellant to the said Chrisman. There was no transfer of possession of the touring car from Chrisman to the appellant at the time of the execution of the bill of sale executed and delivered by him, nor was there any retransfer of possession at the time of the execution of the conditional agreement of sale by the corporation to Chrisman. . . . We think the transaction, which we have outlined in brief, comes within the provisions of section 2924 of the Civil Code, to wit 'Every transfer of an interest in property, other than in trust, made only as a security for the performance of another act, is to be deemed a mortgage, except when in the case of personal property it is accompanied by actual change of possession in which case it is to be deemed a pledge.' The property thereafter was impressed only with a lien, the legal

title to the car remained in Chrisman, and the defendant was not entitled to possession unless authorized by the express terms of the mortgage. (Civ. Code, sec. 2927.)'' The court cited as authority the case of *Blodgett* v. *Rheinschild*, 56 Cal. App. 728 [206 Pac. 674].

The facts in the case at bar are very similar to those established in the case from which we have just quoted. There is ample evidence in the record to sustain the implied finding of the trial court that possession of the car was not delivered to Abbott at the time Hobbs borrowed money thereon. The court found that the instrument under which plaintiff claims title to the automobile is a chattel mortgage and this finding is sustained by the evidence. Section 2957 of the Civil Code provides ''A mortgage of personal property is void as against creditors of the mortgagor and subsequent purchasers and encumbrancers of the property in good faith and for value, unless 1. It is accompanied by the affidavit of all the parties thereto that it is made in good faith and without any design to hinder, delay or defraud creditors; 2. It is acknowledged or proved, certified, and recorded in like manner as grants of real property.'' The record discloses that no attempt was made to comply with the provisions of this section.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.