[Civ. No. 4526. Third Appellate District.—June 30, 1932.]

MERCANTILE ACCEPTANCE CORPORATION et al., Respondents, v. PIONEER CREDIT INDEMNITY COMPANY et al., Appellants.

E. E. Cullen for Appellants.

Ray Manwell for Respondents.

THOMPSON (R. L.), J.—The defendants appealed from a judgment in favor of the plaintiffs in a suit to replevin an automobile which was seized by an officer under a writ of execution. The court found that the plaintiffs were the owners and entitled to the possession of the car, and that the defendants wrongfully and unlawfully took and retained the possession thereof. It is claimed the findings and judgment are not supported by the evidence. This contention must be sustained.

In June, 1929, Norma J. Podva purchased a Nash sedan automobile on a conditional contract for $1185 from the plaintiff Chavalis, who operated an agency for the sale of Nash machines under the name of New Fruitvale Nash Company, at Oakland. This contract was assigned to the plaintiff Mercantile Acceptance Corporation. This corporation was the registered legal owner of the car. The purchase price had been fully paid, except the sum of $168. The purchaser was the registered owner thereof.

On November 1, 1930, Norma J. Podva executed a bill of sale of the Nash sedan automobile to her mother, Mrs. George Chiflakos, in consideration of an existing indebtedness for money previously advanced for her schooling. November 5th, Mrs. Chiflakos called upon the agent, Chavalis, and requested a loan to be secured by the automobile. He loaned her a sum of money in excess of $600. From

this sum of money he paid the Mercantile Acceptance Corporation $168, which was the entire balance of the original purchase price of the car. At the same time he executed a new conditional contract with Mrs. George Chiflakos, payable in eighteen monthly installments of $41.91. This new contract was dated November 5th. On the last-mentioned date, this new contract was assigned to the Mercantile Acceptance Corporation. There was no change in the registered legal ownership of the car. The registered certificate of ownership was not issued to Mrs. Chiflakos until November 20th. The plaintiff Chavalis testified with respect to the last transaction: "Mrs. Chiflakos . . . said she wanted to borrow some money on the automobile. . . . I paid off the car (the amount) that was due to the Mercantile Acceptance Corporation, and also signed the new contract with it to the Mercantile Acceptance Corporation."

Prior to November 1, 1930, when the bill of sale. was executed to Mrs. Chiflakos, the defendant, Pioneer Credit Indemnity Company, procured a judgment in the justice's court of Red Bluff township, Tehama County, for the sum of $210.51, against both Norma J. Podva and her mother. On November 13th an execution was issued from the justice's court in that suit and levied by the officer McCune upon the automobile. December 17th, the Mercantile Acceptance Corporation filed its verified third party claim to the machine, under the provisions of section 689 of the Code of Civil Procedure. No tender of the unpaid portion of the loan was made by the officer pursuant to section 689b of that code. The plaintiff Chavalis filed no third party claim in his own behalf.

The respondents contend that the execution which was levied on November 13th was ineffectual, because the registered certificate of ownership was not issued to Mrs. Chiflakos until November 20th and that the attempted transfer of the machine to her conveyed no title which was subject to execution prior to the issuing of the certificate of title. It is true that a bill of sale to an automobile, accompanied by actual delivery of the machine, passes no title until the certificate of registration is actually issued. (Sec. 45e, California Vehicle Act; *General Motors Acc. Corp.* v. *Dallas*, 198 Cal. 365, 370 [245 Pac. 184]; *True* v. *Crane*, 119 Cal. App. 653 [7 Pac. (2d) 357].) But the

judgment of the justice's court was against both Norma J. Podva and her mother. Assuming that the title did not pass to Mrs. Chiflakos prior to the levying of execution because of the delay in issuing the certificate of registration, there was still an interest held by Norma J. Podva, one of the joint judgment debtors, which was subject to execution. The possession of the machine by the officer, who held it under this levy of execution, was therefore valid and lawful.

Finally, the respondents contend that the filing of a third party claim by the Mercantile Acceptance Corporation under the provisions of section 689 of the Code of Civil Procedure entitled the seller of the machine to "full payment of all sums due or to accrue to him under the agreement", from the officer, as provided by section 689b of the same code, in order to authorize the sale of the automobile under the execution.

Since the adoption of section 689a of the Code of Civil Procedure in 1921, "Personal property in possession of the buyer under an executory agreement for its sale . . . may be taken under attachment or execution issued at the suit of a creditor or of the buyer, notwithstanding any provision in the agreement for forfeiture in case of levy or change of possession." The following section of that code provides: "The officer levying on such property must within five days after being served with a verified written claim containing a detailed statement thereof, pay or tender to the seller full payment of all sums due or to accrue to him under the agreement, above set-offs, with interest to date of tender. . . . Until such payment or deposit is made, or an undertaking delivered to the officer, the property cannot be sold under the levy; but when made . . . the title shall pass to the buyer and the property may be sold . . . free of all lien or claim of the seller."

There are two reasons why the filing of this so-called third party claim did not release the lien created by the levying of the execution. After the claim was filed by the Mercantile Acceptance Corporation an indemnity bond was filed by the judgment creditor, Pioneer Credit Indemnity Corporation, pursuant to the provisions of section 689 of the Code of Civil Procedure. Section 689b, *supra*, provides that when a third party claim has been filed, "Until such payment or deposit is made, *or an undertaking delivered to*

*the officer,* the property cannot be sold under the levy.''
The clear inference from this language of the statute is that
when the undertaking is delivered to the officer that becomes
the security for the third party, and the property may
then be sold under the levy. The evidence in the present
case is undisputed that this bond was duly delivered to the
officer. He testified in that regard: ''Q. And did you . . .
receive a bond from the plaintiff (defendant) indemnifying
you? A. Yes. Q. And you now hold that bond? A. Yes,
sir. The Court: Q. You mean from who? A. From E. E.
Cullen, doing business as the Pioneer Company.''

The undisputed evidence in this case shows that
neither the Mercantile Acceptance Corporation nor Chavalis
was the seller of the Nash sedan automobile in the trans-
action involved in the final conditional contract under the
terms of which they claim the right of possession of the
machine. The final payment of $168 on the original pur-
chase price of the machine was paid by Mrs. Chiflakos from
the money which she borrowed from the plaintiff Chavalis.
When the payment was made the original contract of sale
was extinguished. In spite of the fact that the loan of some
$600 was made to Mrs. Chiflakos by Chavalis and secured
by the execution of a document which purported to be a
second conditional contract of sale of the machine, the evi-
dence is uncontradicted that this instrument became a mere
declaration of security upon the machine for a loan of
money. In other words, it was a mere mortgage, and did
not entitle the holder thereof to the possession of the prop-
erty. (Sec. 2924, Civ. Code; *Commercial S. Corp. Cons.*
v. *Lindsay Mercantile Co.,* 92 Cal. App. 91 [267 Pac. 766];
*Bonestell* v. *Western Auto-Motive Finance Corp.,* 69 Cal.
App. 719 [232 Pac. 734, 735].) In the last case cited, the
court said: ''The whole transaction, though couched in the
form of a bill of sale . . . and a conditional agreement of
sale . . . , was simply a device to secure the repayment of
the sum of $750 loaned by the appellant to the said Chris-
man. There was no transfer of possession of the touring
car . . . at the time of the execution of the conditional
agreement of sale. . . . We think the transaction, which
we have outlined in brief, comes within the provision of
section 2924 of the Civil Code. . . . The property thereafter
was impressed only with a lien, the legal title to the car

remained in Chrisman, and the defendant was not entitled to possession unless authorized by the express terms of the mortgage.''

The language is peculiarly applicable to the present case. The second contract was a mere mortgage and entitles neither of the plaintiffs to the possession of the machine. It necessarily follows that the findings and judgment are contrary to the facts and the law.

The judgment is reversed.

Parker, J., *pro tem.*, and Plummer, Acting P. J., concurred.