[Civ. No. 8928. First Appellate District, Division Two.—September 11, 1933.]

HERMAN WEHRLE, Respondent, v. G. M. MARKS, Defendant; FIELD FINANCE CORPORATION (a Corporation), Third Party Claimant and Appellant.

142

James E. Waddell for Appellant.

Lynn W. Culp, Sr., and Crozier C. Culp for Respondent.

STURTEVANT, J.—On June 16, 1922, the plaintiff obtained judgment against the defendant G. M. Marks in the Superior Court of Alameda County for the sum of $1326.05. Execution issued upon said judgment on August 13, 1931, at the instance of plaintiff, and pursuant to order of court under section 685 of the Code of Civil Procedure. On August 17, 1931, the sheriff of Alameda County levied execution upon a 1928 Dodge sedan automobile, taking the same from the possession of the defendant G. M. Marks. After the said sheriff had levied and seized the said automobile, and before sale thereof, Field Finance Corporation, a corporation and third party claimant herein, on August 20, 1931, made and served on said sheriff its verified third party claim to said automobile, in which it set forth that said automobile so levied upon and held by said sheriff was the property of Field Finance Corporation, and demanding that said sheriff release to it said automobile. Thereupon plaintiff made and filed an affidavit and a bond as required by law, and delivered said bond and affidavit to said sheriff, and demanded that said sheriff proceed to sell said motor car in accordance with law in satisfaction of said judgment. (Code Civ. Proc., sec. 689.) The sheriff thereupon sold the said automobile, and plaintiff thereupon filed its petition to try title thereto in this action. Notice of the hearing was duly given and a hearing was had before the trial court sitting without a jury. ■ After the evidence was in the trial court

expressed its opinion orally. Treating that opinion as a judgment against it, the third party claimant has appealed. Both parties have briefed the case as though the trial court rendered a judgment and that such judgment was appealable. Conceding solely for the purpose of this appeal that counsel are right in their assumption, but expressing no opinion whatever thereon, we will proceed to take up the points made by the third party claimant.

■ It is the claimant's contention the finding that the said automobile was at all times the community property of the defendant G. M. Marks and Venna B. Marks, his wife, was against the law and the evidence. No findings were made, but the point is only a different manner of saying that the trial court's ruling was not sustained by the evidence. That contention we think is not well founded. In 1925 Gus M. Marks and Venna B. Marks were husband and wife. They were then living together and the record shows that they have since continued to live together. Mr. Marks was engaged in the real estate business. He deposited his moneys in a joint account in a branch of the Bank of America. On that account both husband and wife drew checks for their living expenses, etc., and Mr. Marks drew checks on it for business expenses. Mrs. Marks owned an old automobile. In May, 1928, a new Dodge sedan was bought. The old car was turned in and the vendor accepted it as payment of the first installment; but, in what sum, does not appear. Other payments were made out of the joint bank account. A contract regarding the other payments was executed to the Pacific Finance Corporation, but the record does not disclose the terms of that contract. On July 2, 1930, Mr. Marks was in need of money. The claimant agreed to make the loan. Mrs. Marks at that time indorsed the pink certificate and the registration was so changed that the new certificate showed Mr. Marks to be the registered owner and Field Finance Corporation to be the legal owner. At the same time Mr. Marks and that corporation executed a conditional sales contract under which the vendee undertook to pay the vendor $330 in installments of $33.60 on September 12, 1930, and monthly thereafter— ten installments in all. At that time the Field Finance Corporation paid Mr. Marks $330 in the form of a check. The check was indorsed by him and he delivered it to Mrs.

Marks, who deposited it in the joint account. Such payments were made that on August 3, 1931, all payments excepting one had been made. However, at that time Mr. Marks needed more money. He called on the Field Finance Corporation and asked for another loan. It consented to make the loan and on that date Mr. Marks and Field Finance Corporation executed another conditional sales contract. By the terms of the latter instrument Mr. Marks undertook to pay $185 in installments of $19.97 on September 3, 1931, and monthly thereafter—ten installments in all. Thereupon $145 was paid to Mr. Marks in the form of a check. He indorsed that check and delivered it to Mrs. Marks, who deposited it in their joint bank account. Both of the conditional sales contracts were printed blanks identical in form. The blanks were filled in on a typewriter and varied only as to those insertions. Neither contract was acknowledged by either party and no affidavit of any kind was attached to either. Mr. Marks did not part with possession of the automobile at any time and the Field Finance Corporation never had possession of it. Furthermore, there was no evidence that the Field Finance Corporation contracts were recorded. Conceding that as between the Field Finance Corporation and Mr. Marks an attempt was made to secure the payment of the loan made by the former to the latter, such attempt was ineffective as to the rights of the plaintiff Herman Wehrle. The Field Finance Corporation did not stand in the position of a mortgagee in possession. It did not conform to the statute and therefore did not hold a statutory chattel mortgage. (Civ. Code, sec. 2957.) Furthermore, as there was no change of possession the transfer from Mr. Marks to Field Finance Corporation, as to the rights of the execution creditor, was void. (Civ. Code, sec. 3440.) Considered as conditional sales contracts the instruments were such in form only, but in legal effect they constituted nothing but a mortgage as between Mr. Marks and the Field Finance Corporation. (*Commercial S. Corp. Cons.* v. *Lindsay Merc. Co.*, 92 Cal. App. 91 [267 Pac. 766].)

The judgment appealed from is affirmed.

Nourse, P. J., and Ogden, J., *pro tem.*, concurred.