**DENNES v. BUTTS.**

No. 8359.

Circuit Court of Appeals, Ninth Circuit.

June 7, 1937.

Lounibos, McGoldrick & Lounibos, of Petaluma, Cal., for appellant.

H. W. A. Weske and J. N. DeMeo, both of Santa Rosa, Cal., for appellee.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

Robert A. Schieffer filed a petition in voluntary bankruptcy on April 15, 1935, and on that day was adjudicated a bankrupt. The appellant was appointed trustee on April 30, 1935, and took possession of certain personal property which need not be described in detail. Thereafter appellee filed a petition alleging that certain personal property described in the petition had been taken into possession by the trustee in bankruptcy, that he was the owner thereof and entitled to possession thereof, and praying that it be delivered to him. He alleged that a portion of said personal property described as a bean sprayer outfit had been sold by him under a lease contract to the bankrupt for the sum of $300; that it had been attached under a writ of attachment issued by the superior court in and for the county of Sonoma, but had been ordered returned to the petitioner by that court. Petitioner alleged that the other tools and implements described in the petition had been sold by him to the bankrupt under a lease contract, hereinafter referred to as Exhibit A, for the sum of $765, payable in two installments (one of $365 and one of $400), with interest at 7 per cent.; that the bankrupt had failed to make the payments provided in the latter lease; and that by the terms

of the lease the petitioner was entitled to the ownership and possession of the property. The petition was heard by the referee in bankruptcy and granted as to the property covered by Exhibit A, and upon petition for review the order was affirmed by the District Court. The trustee in bankruptcy has appealed from the turnover order.

The evidence taken before the referee is not in the record, but it is claimed by the appellant that the applicable facts are covered by his findings of fact and conclusions of law. Briefly stated, the referee found that prior to July 6, 1933, the bankrupt had purchased from the Crown Machine Works under a conditional sales contract all property involved and more particularly described in Exhibit A; that under this agreement with the Crown Machine Works the title to the property remained in it until the property was paid for in full. The referee also found that on July 6, 1933, in consideration of the execution of the agreement contained in Exhibit A, a check for $765 was delivered to the bankrupt. Exhibit A, made a part of the findings, is an agreement in the form of a conditional sales contract whereby the appellee purports to "lease" the property covered by the agreement to the bankrupt. It provides that in the event payment is made in full the title of appellee shall cease "and the whole title shall vest in said Robert A. Schieffer [bankrupt] as owner, but upon any breach of the provisions of this lease, especially upon failure by said Robert A. Schieffer to pay the said sums as they become due and payable, then this lease, and any and all claim or right on the part of said lessee * * * shall be hereby terminated," etc. This agreement was signed by the bankrupt, but not by the appellee. The referee found that at the time of the execution of the agreement (Exhibit A) "the said parties had a conversation to the effect that said T. V. Butts would then be considered the owner of the property." The referee found that after Exhibit A was signed and executed by the bankrupt the latter paid the Crown Machine Works the amount due it with the proceeds received from the appellee's check for $765 and thereupon the bankrupt's conditional sales contract with the Crown Machine Works was indorsed "paid in full July 7, 1935." The findings further state: "At which time according to the terms of the contract, title to the ar-

ticles contained in the said inventory referred to in Exhibit 'A,' vested in the said bankrupt." The referee found that at the time of the execution of Exhibit A, the bankrupt had possession of the property in question and that neither prior to nor after the execution of Exhibit A did the property come into the possession of the appellee; that there was no delivery of possession to appellee at the time of the execution of Exhibit A and no notice or notices were recorded in the office of the county recorder notifying creditors of the bankrupt of any intended transfer.

■ From this record the conclusion seems inescapable that the transaction between the petitioner and the bankrupt was a loan from petitioner to the bankrupt of $765 at 7 per cent. interest secured by the property described in Exhibit A. The referee does not specifically find whether or not the transaction was a loan or that Exhibit A was executed to secure the loan, but from the evidentiary facts found no other logical results can be deduced. This view is sustained by decisions of the California courts and by the statutes thereof.

Section 2924 of the California Civil Code (as amended by St.1933, p. 1669) provides that, "Every transfer of an interest in property, * * * made only as a security for the performance of another act, is to be deemed a mortgage, except when in the case of personal property it is accompanied by actual change of possession, in which case it is to be deemed a pledge."

Where the owner of an automobile indorsed the certificate of ownership to a person as security for money advanced and receives in return from the latter a conditional sales contract without the transfer of possession, the transaction was held to be in effect a chattel mortgage, invalid as to third persons, unless executed and recorded as required by section 2957 of the California Civil Code relating to that subject. Section 2924, Cal.Civ.Code, supra; Bonestell v. Western Auto-Motive Finance Corp., 69 Cal.App. 719, 232 P. 734; Commercial Securities Corp. Consol. v. Lindsay Mercantile Co., 92 Cal.App. 91, 267 P. 766; Wehrle v. Marks, 134 Cal.App. 141,

25 P.(2d) 51; Abdallah v. Jacobs et al., 4 Cal.App.(2d) 271, 40 P.(2d) 918; Section 2957, Cal.Civ.Code; Washington Lumber & Millwork Co. v. McGuire, 213 Cal. 13, 1 P.(2d) 437; Arena v. Bank of Italy, 194 Cal. 195, 228 P. 441.

We conclude that the conditional sales agreement, Exhibit A, by which appellee attempted to sell the bankrupt property he already owned could have no other effect than to create a lien to secure the money advanced by appellee. This lien is invalid as to the trustee in bankruptcy because not properly verified, acknowledged, and recorded. Cal.Civ.Code, § 2957, supra.

■ To meet these decisions, appellee contends that he furnished the money to pay off the Crown Machine Works and is entitled to the property under the doctrine of resulting trusts. Cal.Civ.Code, § 853; Kirk White & Co. v. Bieg-Hoffine Co., 6 Cal.App.(2d) 188, 44 P.(2d) 439.

There was no resulting trust in the case at bar because the consideration for the transfer of the title of the Crown Machine Works to the bankrupt was in fact paid by the bankrupt who already owned the beneficial interest in the property by reason of his conditional sales agreement with that company. As we have said, it is clear from the findings of the referee that the transfer of the check for $765 to the bankrupt was a loan to the bankrupt of that amount by the appellee who attempted to secure the loan by the conditional sales agreement set out in Exhibit A. The referee found, "that said check heretofore referred to in the amount of $765, was delivered to the said Robert A. Schieffer, * * * the bankrupt herein, in consideration of the execution of the agreement referred to in Exhibit 'A.'" The fact that the money had been advanced to the bankrupt by appellee does not alter the fact that it was the bankrupt's money that was paid as consideration for the transfer of the title of the Crown Machine Works and under such circumstances no resulting trust arose in favor of the appellee. Perry v. Ross, 104 Cal. 15, 37 P. 757, 43 Am.St. Rep. 66; McCue v. Gallagher, 23 Cal. 51; Martin v. New York & St. L. Mining & Mfg. Co. (C.C.A.) 165 F. 398; 65 Corpus Juris, p. 402, § 167.[1] The case at bar is

---

[1] "Sec. 167 (b) *Loan of purchase money*. The rule is well settled that, where property is purchased with borrowed money and title is taken in the name of the borrower no resulting trust arises in favor of the lender, even though the money is loaned under a parol agreement that the borrower's interest in the property

distinguishable from Kirk White & Co. v. Bieg-Hoffine Co., supra. In that case the court found that Wold (the purchaser holding the legal title) "did not furnish or pay any of the purchase price of the automobiles attached," but that Bieg-Hoffine Company (the party claiming the beneficial interest in the property) furnished the money used for the purchase of the property.

The turnover order is reversed.

shall rest in the lender to the extent of his loan, the relation being merely that of debtor and creditor. This rule also applies in the case of money loaned for the purpose of making a part payment. The money belongs to the borrower individually."