318 P.2d 359

**HARBEL OIL COMPANY, a corporation, Appellant,**

v.

Horace STEELE, Ethel Steele, Texas Independent Oil Company, a corporation, Blakely Oil, Incorporated, a corporation, Appellees.

No. 6155.

Supreme Court of Arizona.

Nov. 20, 1957.

Herbert B. Finn and Stephen S. Gorey, Phoenix, for appellant.

Langmade & Sullivan, Phoenix for appellees.

JOHNSON, Justice.

This is an appeal from a judgment in favor of Horace Steele and Ethel Steele, Texas Independent Oil Company, a corporation, Blakely Oil, Incorporated, a corporation, defendants-appellees, and against Harbel Oil Company, a corporation, plaintiff-appellant. The plaintiff-appellant will hereafter be referred to as plaintiff. The defendants-appellees, Horace Steele and Ethel Steele, will be referred to as defendants (Steele), and the defendant-appellee,

Texas Independent Oil Company, a corporation, as defendant (Texas). It was agreed in the pre-trial order that the defendant (Texas) is the successor in interest to the assets and liabilities of Texas Independent Oil Company, a copartnership, composed of the defendants (Steele). The parties further stipulated that defendant (Texas) and defendant Blakely Oil, Incorporated, a corporation, for the purpose of this proceeding, stand in the same position as the other defendants.

The material facts briefly stated are: Plaintiff had acquired a twenty-year lease of vacant land located in Phoenix, Arizona, from Dr. E. A. Cruthirds, for the purpose of erecting and operating a gasoline service station. In order to finance the construction thereof the defendants (Steele) agreed to loan plaintiff the sum of $10,000 which was to be repaid in monthly installments with interest. The cost of the station in excess of $10,000 was to be paid by plaintiff but the record is silent as to the actual cost. As security for the loan the parties executed four instruments; (1) an assignment of the Cruthirds lease for a term of four years and five months (or until the loan was repaid), (2) a sublease back to plaintiff, (3) a conditional sales and loan agreement (covered the equipment in the station), and (4) a products contract whereby plaintiff agreed to purchase the products of defendants (Steele).

The sublease provided that upon the failure of plaintiff to observe the terms and conditions of the Cruthirds lease and of the sublease, or to pay the monthly rent, then the defendants (Steele) may declare the sublease at an end and recover possession as if said premises were held by forcible detainer. The conditional sales and loan agreement provided that defendants (Steele), in case of default, shall be entitled, at its option, to take possession of the equipment and retain any monies paid as liquidated damages.

Thereafter, plaintiff was in default in the payment of rent under the sublease for the months of May, June and July, 1950, and in default of four monthly payments under the conditional sales and loan agreement (less than $500 having been paid). On July 7, 1950, defendant (Texas) served upon plaintiff a letter setting forth the above defaults, declaring the sublease at an end and requesting possession of the premises and equipment. On July 15, 1950, plaintiff voluntarily surrendered and defendant (Texas) took possession of the premises and equipment. Subsequently, defendant (Texas) made improvements to the premises and sub-leased to defendant, Blakely Oil, Incorporated.

On October 24, 1952, plaintiff by letter advised defendant (Texas) it desired to redeem the premises and its possession by full payment and satisfaction of the exist-

ing mortgage indebtedness upon defendant (Texas) rendering a complete accounting. No accounting was made and this suit was instituted.

The complaint seeks a finding that the instruments in question are a mortgage, for an accounting, and other related relief.

The trial court properly found from the admissions in the joint answer and the stipulations of the parties that said instruments were executed as security for the loan. However, plaintiff makes six assignments of error, all of which will be resolved upon a determination of the issue as to whether the trial court erred in holding the instruments to be chattel mortgage, and that such mortgage had been foreclosed in compliance with section 62–527, A.C.A.1939 (A.R.S. § 33–757).

■ The instruments having been admitted to be a mortgage we are not confronted with the question of whether documents which on their face appear absolute are in fact a mortgage. We are, however, presented with the issue of whether the mortgage in question is a real property mortgage or a chattel mortgage. The assignment of the Cruthirds lease to defendants (Steele) is the basic instrument securing the loan. One of the estates in land less than a freehold is an estate for years. Section 71–101, A.C.A.1939 (A.R.S. § 33–201). Estates for years are chattels real. Section 71–103, A.C.A.1939 (A.R.S. § 33–202). The assignment of the Cruthirds lease for a term of four years and five months (or more if the loan remains unpaid) is a chattel real. At common law a lease for years, being a chattel real, is personal property; and unless it has been modified by statute, a leasehold interest, though a chattel real, is personal property and subject to the rules governing personal property.

We do not think, as urged by plaintiff, it is necessary to determine the question of whether our legislature, in enacting the various statutes involving real property, intended to abolish the common law rule as applied to chattels real. The real question in issue is whether a leasehold estate for a term of years is an interest in real property capable of being transferred under the provisions of the statute, section 62–501, A.C.A.1939 (A.R.S. § 33–701). This section provides as follows:

"Interest in real property mortgageable—Formalities in making.—*Any interest in real property capable of being transferred may be mortgaged.* The mortgage can be created, renewed, or extended, only by writing, executed with the formalities required of a grant of real property, and may be acknowledged, certified and recorded, in like manner and with like effect." (Emphasis supplied.)

■ A leasehold estate for a term of years is an interest in land capable of be–

ing transferred. It possesses many characteristics of an ordinary chattel, and has some aspects of real property as it passes a present interest in land. Vol. 1, Thompson on Real Property (Perm.Ed.) 67, section 61; 3 ibid., 8 section 1018; Abraham v. Fioramonte, 158 Ohio St. 213, 107 N.E.2d 321, 33 A.L.R.2d 1267; State Savings & Loan Ass'n v. Bryant, 159 Or. 601, 81 P. 2d 116; cf. Intermountain Realty Co. v. Allen, 60 Idaho 228, 90 P.2d 704, 122 A.L. R. 647; Robinson v. Merchants Packing Co., 66 Ariz. 22, 182 P.2d 97; Hood v. Fletcher, 31 Ariz. 456, 254 P. 223.

[3] We have held a statute must be interpreted in conformity with the language used by the legislature. Mayberry v. Duncan, 68 Ariz. 281, 205 P.2d 364. The language of section 62–501, supra, is not limited to real property but states any interest in real property capable of being transferred may be mortgaged. Although a chattel real is personal property it nevertheless transfers an interest in real property. Obviously the instruments in question constituted a real property mortgage within the purview of the statute. The related remedial statute, section 62–515, A. C.A.1939 (A.R.S. § 33–721), requires that mortgages of real property shall be foreclosed by action in court. In Davis v. First Nat. Bank, 26 Ariz. 621, 229 P. 391, we held mortgages of real property may not be summarily foreclosed, but only by action in a court of competent jurisdiction.

Defendants contend there was a mutual agreement to rescind the sublease and surrender the premises. This argument and the cases cited relate to a landlord and tenant relationship, and is without merit as to defense to the requirement that a mortgage of real property shall be foreclosed by action in a court. Equity favors the right to redeem and will not deny the right except upon strict compliance with the steps necessary to divest it. Romig v. Gillett, 187 U.S. 111, 23 S.Ct. 40, 47 L.Ed. 97.

The question remains as to whether the conditional sales and loan agreement, which was secured by the equipment and miscellaneous items of personal property, is a conditional sales contract or a chattel mortgage, and whether or not it was properly foreclosed.

Defendants contend the repossession of the personal property was made pursuant to section 52–615, A.C.A.1939 (A. R.S. §§ 44–319 to 44–323), which deals with conditional sales contracts, and as a result thereof plaintiff was discharged of all obligations; and there being no indebtedness plaintiff's cause of action must fail. The parties labelled the instrument a conditional sales agreement but in fact there was no seller or buyer and such an instrument contemplates a seller and buyer, not a lender and borrower of money. An instrument in the form of a conditional sales agreement, executed for the purpose of secur-

ing the payment of a loan of money, will be treated as a chattel mortgage. Washington Lumber & Millwork Co. v. McGuire, 213 Cal. 13, 1 P.2d 437; Mercantile Acceptance Corp. v. Pioneer Credit I. Co., 124 Cal.App. 593, 12 P.2d 988; Wehrle v. Marks, 134 Cal.App. 141, 25 P.2d 51; Commercial Securities Corporations Consol. v. Lindsay Mercantile Co., 92 Cal.App. 91, 267 P. 766, 138 A.L.R. 666.

The instrument in question provided upon default defendant shall be entitled at its option to take possession of the equipment and retain all monies paid as liquidated damages. Section 62–527, supra, provides in part:

"A mortgage of personal property, where the time of payment is therein fixed, may be foreclosed by notice and sale, *unless in writing the contrary has been agreed upon by the parties,* or by action in court. * * *" (Emphasis supplied.)

The statute affords the parties the right to provide for an alternative method of foreclosure.

We are, therefore, required to determine whether the defendants in exercising the remedy of repossessing the personal property pursuant to the terms of the instrument have foreclosed the mortgage or whether they are merely mortgagees in possession. A foreclosure contemplates a sale, either public or private, or some act tantamount thereto. The instrument made no provision for a sale and no sale was had. The personal property was merely repossessed and is now in the possession of defendants. We held in Gallaway v. Smith, 70 Ariz. 364, 220 P.2d 857; Central Finance Corp. v. Norton-Morgan Commercial Co., 23 Ariz. 517, 205 P. 810, that until a foreclosure or some act tantamount thereto has occurred, the title to the property mortgaged remains in the mortgagor. It is true the instrument labelled a conditional sales agreement recited that title to the personal property was in the defendants. This, however, was a fictional attempt to create a conditional sales agreement out of a lender and borrower relationship. There having been no sale of the personal property and no acts tantamount to a foreclosure we deem the defendants to be mortgagees in possession.

The judgment is reversed and the case remanded for proceedings not inconsistent herewith.

UDALL, C. J., and PHELPS and STRUCKMEYER, JJ., concur.

WINDES, J., dissents.