402 P.2d 436

**HARBEL OIL COMPANY, a corporation, Appellant,**

v.

**Horace STEELE and Ethel Steele, co-partners, doing business as Texas Independent Oil Company, a corporation, Blakely Oil, Incorporated, a corporation, Webber Mackie, Appellees.***

**I CA–CIV 47.**

Court of Appeals of Arizona.

June 3, 1965.

Rehearing Denied July 16, 1965.

---

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 7751. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.

Herbert B. Finn and David A. Guberman, Phoenix, for appellant.

Kramer, Roche, Burch & Streich, by Daniel Cracchiolo and Mark I. Harrison, Phoenix, for appellees; R. B. Langmade, Phoenix, of counsel.

CAMERON, Judge.

This is an appeal from a judgment in favor of the defendants, Horace Steele and Ethel Steele, Texas Independent Oil Company, a corporation, and Blakely Oil Incorporated, a corporation, and against the Harbel Oil Company, a corporation, as plaintiffs. Texas Independent Oil Company, a corporation, is the successor in interest to the assets and liabilities of Texas Independent Oil Company, a co-partnership, composed of the defendants Horace Steele and Ethel Steele. This is the fifth time this matter has been on appeal. The proceedings upon which this appeal is based were had after the matter had been remanded by the Supreme Court of Arizona, in the case of Harbel Oil Company v. Steele, 83 Ariz. 181, 318 P.2d 359 (1957). A reading of that decision is essential to an understanding of the matter now before us. In short, the Supreme Court of Arizona held that the various property involved in this action could only be foreclosed by court action as far as the realty was concerned, and as far as the mortgaged property was personal, the foreclosure could only be by sale. The Supreme Court of Arizona also held that the defendants were mortgagees in possession subject to the plaintiff mortgagor's equity of redemption. The matter was before the Supreme Court again in the case of Harbel Oil Company v. Superior Court of Maricopa County, 86 Ariz. 303, 345 P.2d 427 (1959). The Supreme Court of Arizona stated in that case:

"This cause has had a tempestuous voyage on the sea of litigation. The original complaint was filed on July 10, 1952, and prior to this proceeding some phase of the case has been before us on three different occasions. See, 80 Ariz. 368, 298 P.2d 789; 81 Ariz. 104, 301 P.2d 757; and 83 Ariz. 181, 318 P.2d 359. After seven years the end is not in sight, for as yet there has been no final determination on the merits." 86 Ariz. 303 at 305, 345 P.2d at 428.

Now some five and one-half years after these remarks and some thirteen years after the original complaint was filed, the matter is still being litigated.

The original judgment was entered 14 March, 1955, in Maricopa County, after a

pre-trial conference and upon a stipulated statement of facts. Judgment was for the defendants and plaintiff appealed, the Supreme Court of Arizona reversed the case, and remanded it for proceedings not inconsistent with their opinion. Harbel Oil Company v. Steele, 83 Ariz. 181, 318 P.2d 359 (1957).

At the second trial held 6 March, 1962, the trial court allowed certain additional matters to be considered which were not considered at the first or original trial. Plaintiff-petitioner objects to the trial court, (1) allowing the defendant in the Superior Court to file what is labeled a cross-claim for foreclosure of the mortgage, (2) permitting the defendant to raise certain affirmative defenses which were not considered in the previous trial, and (3) the alleged failure of the trial court to obey the mandate of the Supreme Court in the opinion rendered 20 November, 1957, by allowing these additional matters. It is the contention of the plaintiff that the mandate of the court would allow only a proceeding in the second trial of an accounting by the defendants and a restoration of the subject property to the petitioner.

We shall take item three first. Our Supreme Court discussed the mandate issued in the Harbel v. Steele case of 20 November, 1957 (83 Ariz. 181, 318 P.2d 359) in the later case of Harbel Oil v. Superior Court of Maricopa County, 86 Ariz. 303, 345 P.2d 427 (1959), when it stated as follows:

> " 'In view of the court's conclusions the court has not considered other defenses which might be available to the defendant under all of the facts which are presented in this case and the court expresses no opinion with reference thereto.'
>
> "Similarly on appeal this Court considered only the question whether the trial court was correct in its basic premise. No inquiry was made into those contentions which were not germane to this decisive issue. Nor would a decision as to the validity of other

defenses which the appellee therein might have raised have been relevant to the question decided. Our opinion in No. 6155 did mention some of the facts upon which the affirmative defenses now in question are based, but no pronouncement was made as to the legal effect thereof. It is clear that this Court neither expressly nor impliedly passed upon those defenses." 86 Ariz. 303 at 307, 345 P.2d at 429.

The Supreme Court also said in that case, at page 309, 345 P.2d at page 431:

> "The redemption or the foreclosure of a mortgage is an equitable proceeding, and in this case the court of equity has the obligation to weigh and consider such defenses as laches, estoppel, fraud, lack of equity, etc. We hold it is within the jurisdiction of the trial court to determine whether petitioner is entitled to exercise its equity of redemption, or whether the mortgage should now be foreclosed."

We do not feel that the action of the trial court in allowing the pleadings to be enlarged after the mandate, conflicts with the said mandate in the 20 November, 1957, Harbel v. Steele case (83 Ariz. 181, 318 P.2d 359). In the absence of a mandate or opinion to the contrary, the fact that the matter has been on appeal does not prevent an enlargement or restriction of the issues after the case has been remanded for new trial. Indeed, we can foresee that after both the trial court and counsel have had the benefit of the opinion or opinions of the Supreme Court that the ends of justice would demand that they change their position or enlarge or restrict the pleadings and the trial court might well be remiss in its duties to deny such amendments. Our court has stated:

> "This court has always construed our statutes in regard to amendments with a great deal of liberality even when the amendment was offered on a new trial after an appeal." Grounds v. Lawe, 67 Ariz. 176 at 186, 193 P.2d 447, 453 (1948).

Since the mandate does not prevent the Superior Court from amending or enlarging the pleadings upon retrial after remand, we must look elsewhere to determine if the trial judge was correct in his actions. Petitioner argues that pursuant to Rule 16 of the Arizona Rules of Civil Procedure, 16 A.R.S., that a pre-trial order when entered into, controls the course of the action. With this we agree "unless modified at the trial to prevent manifest injustice", Rule 16, Rules of Civil Procedure, and nearly all courts agree that a pre-trial order may be amended or modified in the interest of justice at or before the trial:

> "The trial judge clearly has the authority to amend or modify a pre-trial order if this becomes necessary in the interest of justice. (Citations omitted.) To hold otherwise would make a straight-jacket out of a procedural reform which was intended to provide a useful device in the court's search for truth." Scott v. Spanjer Bros., Inc., 298 F.2d 928 at 931 (1962).

Rule 16 clearly does not prevent the trial judge from amending or modifying the pre-trial order at or before trial, and the Rules of Civil Procedure specifically provide that a party may be given leave to set up a counter claim by amendment. And also:

> " * * * Leave to amend shall be freely given when justice requires." Rule 15(a) (1), Rules of Civil Procedure.

■ We hold then, that under rules 13 (f), 15(a) and 16(a), Rules of Civil Procedure, that the trial court may permit the amendment or enlargement of the pleadings including a counter claim after the pre-trial and after a new trial has been ordered on appeal when in the court's discretion the ends of justice so require. It has been stated by our Supreme Court:

> "The modern Rules of Civil Procedure were intended to promote the administration of justice by removing the technical requirements of common law pleading. (Citations omitted.) In

keeping with this spirit the rule under consideration, Rule 15(a) regarding 'Leave to amend shall be freely given of liberality. It specifically states that 'Leave to amend shall be freely given when justice requires.' Furthermore, this Court has stated that amendments of pleadings should be allowed with great liberality to the end that every cause of action shall be decided on its merits whenever possible without prejudice to the other party." Frank v. Solomon, 94 Ariz. 55, 57, 381 P.2d 591, 592 (1963).

And also:

> "Reception of amended pleadings is within the due discretion of the trial court and in the absence of showing the court abused its discretion, its action in accepting the amended answer will not be disturbed." Swift v. City of Phoenix, 90 Ariz. 331, 336, 367 P. 2d 791, 794, (1961).

■ Plaintiff also objects that the trial court committed error by making findings of fact contrary to all the testimony and the evidence. Our Supreme Court has stated:

> "This court is not the trier of the facts. It is of no moment that had we been the jury we might well have decided the other way. Assignments of error based upon the weight of evidence cannot be considered if there is any evidence to support the trial court's finding even though the weight of the evidence be against that finding." Kauffroath v. Wilbur, 66 Ariz. 152 at 156, 185 P.2d 522, 524 (1947).

The judgment affirmed.

DONOFRIO, J., and FRANK X. GORDON, Jr., Judge of the Superior Court, concur.

NOTE: Chief Judge Henry S. Stevens having requested that he be relieved from consideration of this matter, Judge Frank X. Gordon, Jr., was called to sit in his stead and participate in the determination of this decision.