[Civil No. 1489.   Filed January 10, 1917.]

[162 Pac. 62.]

ISAAC BARTH, Appellant, v. COUNTY OF APACHE, Appellee.

1. APPEAL AND ERROR—MINUTE ENTRY—JUDGMENT.—The minute entry is the exclusive evidence upon which the supreme court can rely for the date upon which the judgment or any judgment removed to the supreme court for review was rendered.

2. APPEAL AND ERROR—TIME FOR TAKING APPEAL—STATUTES.—Under Civil Code of 1913, paragraphs 1233, 1234, providing that a notice to become an effective procedure in taking an appeal shall be served and filed at any time within six months after the rendition of a judgment, a notice of appeal from a judgment rendered December 19, 1914, not given until June 21, 1915, was too late.

3. APPEAL AND ERROR—NOTICE OF APPEAL—JURISDICTION.—The supreme court acquired no jurisdiction of an appeal from a judgment, where the notice of appeal, when filed, did not divest the jurisdiction of the superior court and remove the cause to and vest jurisdiction in the supreme court.

APPEAL from a judgment of the Superior Court of the County of Apache. Carl G. Krook, Judge. Appeal dismissed.

Mr. Isaac Barth, *in pro. per.*

Messrs. Clark, Tascher & Clark and Mr. Fred W. Nelson and Mr. Gilbert E. Greer, County Attorney, for Appellee.

CUNNINGHAM, J.—The appellant in his brief recites as follows:

"That thereafter Judge Krook, sitting in the place of Judge Ling of the superior court, at Holbrook, in Navajo county, Arizona, took evidence in the matter, and heard the evidence in the matter of the amount due from appellee to appellant, and entered an order permanently and perpetually enjoining appellant from collecting, demanding or enforcing the said indebtedness, or claim upon which the judgment was rendered."

The minute entries of the nineteenth day of December, 1914, recite that this cause came on for hearing on that date pursuant to an order of the court made on the eighteenth day of December, 1914, designating said nineteenth day of December, 1914, as the day for trial, of which the parties had due notice; that the plaintiff offered testimony and submitted the cause, no evidence having been offered by the defendant. And "the court, having fully considered and being duly advised, now considers that the temporary injunction hereinbefore issued be, and the same is hereby, made perpetual; that the defendant, Isaac Barth, take nothing by virtue of the judgment rendered against Apache county and in his favor on the third day of July, 1913, in the case. . . . "

We may consider the statement made by appellant as intended by him to have reference to the judgment rendered by the court on the nineteenth day of December, 1914, as recited in the record.

The record discloses that on the twenty-second day of June, 1915, the appellant gave the following notice of appeal:

"Notice is hereby given that the above-named defendant, Isaac Barth, appeals to the supreme court of the state of Arizona from the judgment rendered in this court in the above-entitled cause on the twenty-ninth day of December, 1914, in favor of the above-named county of Apache, plaintiff, and against the said Isaac Barth, defendant, and from the whole thereof."

The appeal bond was filed on the same day with said notice of appeal. The bond recites that:

"Whereas the above-named defendant, Isaac Barth, is about to take an appeal from the judgment of the superior court of the county of Apache, state of Arizona, heretofore, on the twenty-sixth day of December, 1914, rendered in the above-entitled cause wherein the said county of Apache is plaintiff and Isaac Barth is defendant, said judgment being in favor of said plaintiff and against the defendant, and the said defendant, Isaac Barth, desires to appeal from said judgment to the supreme court of the state of Arizona."

The condition is, "if the said Isaac Barth shall prosecute his appeal" in the usual form.

We find no notice of appeal from the judgment rendered by the superior court in and for Navajo county on the nine-

teenth day of December, 1914; nor do we find an appeal bond describing such judgment, as to the date of rendition.

For the purposes of this case, and for no other purpose, we will concede that the notice of appeal, referring to the judgment as rendered on December 29, 1914, and the bond on appeal, referring to a judgment rendered on December 26, 1914, are mere clerical errors, and each intended to state the true date of the rendition of the judgment as the nineteenth day of December, 1914. Otherwise no judgment rendered on December 26 or 29, 1914, is presented for review. The minute entry is the exclusive evidence upon which we can rely for the date upon which the judgment, or any judgment, is rendered, which is removed to this court for review.

The record discloses that the defendant gave no notice of appeal until June 21, 1915. Such notice to become effective procedure of taking an appeal shall be served and filed ''at any time within six months after the rendition of the judgment.'' Paragraphs 1233 and 1234, Civil Code of Arizona 1913. The notice served on June 21, 1915, and filed June 22, 1915, was not served and filed within six months after the date of the rendition of the judgment, to wit, December 19, 1914. The time allowed by law in which an appeal could have been taken by the defendant against whom the judgment rendered on the nineteenth day of December, 1914, expired on the nineteenth day of June, 1915, and for this reason the notice thereafter filed had no effect of taking an appeal therefrom.

This court acquired no jurisdiction to review an appeal from the said judgment, because the notice of appeal did not, when filed, serve to divest the jurisdiction of the superior court, and remove the cause to and vest jurisdiction in this court. The right to appeal is one given litigants by statute, and exists only by force of statute. In order to exercise that right, a party must bring himself within the conditions prescribed by the statute conferring the right; otherwise he has no right of appeal.

The appeal is dismissed, for the reason this court is without jurisdiction to entertain it.

Judge LYMAN permits me to state that he concurs in the opinion.

FRANKLIN, C. J., concurs.

N. B.—ROSS, J., being disqualified, and announcing his disqualification in open court, the remaining judges, under section 3 of article 6 of the Constitution, called in Honorable FRANK H. LYMAN, Judge of the superior court of the state of Arizona, in and for the county of Maricopa, to sit with them in the hearing of this cause.