[Civil No. 4381. Filed March 22, 1941.]

[111 Pac. (2d) 625.]

SOUTHWESTERN FREIGHT LINES, LTD., a Corporation, and E. L. NORTHCUTT, an Individual, d. b. a. E. L. NORTHCUTT FREIGHT LINES, Appellants, v. NORMA SHAFER, by Her Guardian Ad Litem, Bernice Bailey, Appellee.

Messrs. Struckmeyer & Flynn, for Appellants.

Mr. Fred V. Moore and Mr. E. E. Selden, for Appellee.

LOCKWOOD, C. J.—Ordinarily, we do not write opinions on motions of this nature, but in view of the fact that it involves the construction of several sections of the new rules of civil procedure, we think it best for the guidance of the bar and trial courts in the future that we depart from our usual custom. The facts necessary to a determination of the motion are as follows.

The case came on regularly to be heard before the court sitting with a jury on October 24, 1940. On October 26 the jury returned a verdict in open court in favor of plaintiff and against defendants, in the amount of $5,000. When the clerk read the verdict, counsel for plaintiff moved for judgment on the verdict, and the following order was made by the court:

"It is ordered that upon the presentation of a formal written judgment by the plaintiff, its approval and signing by the judge and filing thereof with the clerk of the court, judgment will be rendered in favor of the plaintiff and against the defendants in conformity with the verdict."

This order was entered in the civil docket of the court on the aforesaid date. On October 29 a judgment fee of $10 was paid by plaintiff, which was also duly entered. On December 2 a formal written judgment was signed by the trial judge in open court, filed with the clerk of the court, and the following entry made in the minutes:

"A formal written Judgment in this action having this day been presented to and approved and signed by the court, it is ordered that judgment be rendered in favor of the Plaintiff and against the defendants in conformity therewith in cause No. 48520."

A motion for new trial was filed, argued and denied on the same day. On December 23 the following notice of appeal was given:

"Notice is hereby given that Southwestern Freight Lines, Ltd., a corporation, and E. L. Northcutt, an individual d. b. a. E. L. Northcutt Freight Lines, defendants in the above entitled action, and each of them, appeal to the Supreme Court of the State of Arizona from the judgment heretofore rendered and entered herein on the 29th day of October, 1940, in favor of the plaintiff and against the defendants, and each of them, and from the whole thereof, and further appeal to the Supreme Court of the State of Arizona, from

the order of the Superior Court heretofore made and entered herein on the 2nd day of December, 1940, denying the defendants' motion for an order setting aside the judgment in favor of the plaintiff and entering judgment for the defendants, and from the order denying the defendants' motion for a new trial.''

The motion to dismiss was based upon the ground that judgment was not rendered until December 2, while the appeal is from the alleged judgment rendered on October 29, and that no judgment was rendered upon such a date. The precise question before us, then, is when was the judgment effective. If on October 29, as contended by defendants, the motion should be denied. If on December 2, as urged by plaintiff, then the appeal is from a judgment which does not exist and it should be dismissed.

■■■■■ The present rules of civil procedure were adopted by this court under the authority of section 19–202, Arizona Code, 1939. The purpose of granting this power to the court was stated by the legislature to be, among other things, ''promoting the speedy determination of litigation upon its merits.'' We have, therefore, adopted the principle that in interpreting the various provisions of the rules adopted thereunder, we shall, if there is any ambiguity or doubt as to their meaning, give that construction which will tend to promote a decision upon the merits rather than upon formal procedure. The particular rules in question are sections 21–1230, 21–1910 and 21–1911, and 34–110, Arizona Code, 1939, which read, respectively, as follows:

''*Entry of judgment.* Judgment shall be entered when the court so directs. When the direction is that a party recover only money or costs, or that there be no recovery, the clerk shall enter judgment forthwith upon receipt by him of the direction, but when the direction is for other relief, the judge shall first promptly settle and approve the form of judgment.

In cases of judgments for money or costs only, or that there be no recovery, the notation thereof in the civil docket, as provided by rule 79 (a) (Sec. 21–1910) constitutes the entry of such judgment, and in cases granting any other relief, filing with the clerk of a form of judgment settled and approved, in writing, by the judge, for recording in the civil order book, as provided by Rule 79 (b) (Sec. 21–1911) constitutes the entry of such judgment, and in either case the judgment is not effective before such entry.''

"*Civil docket.* The clerk shall keep a book known as a 'Civil Docket' of such form and style as may be prescribed by the Supreme Court, and shall enter therein each civil action to which these rules are made applicable. Actions shall be assigned consecutive file numbers. The file number of each action shall be noted on the folio of the docket whereon the first entry of the action is made. All papers filed with the clerk, all process issued and returns made thereon, all appearances, orders, verdicts, and judgments shall be noted chronologically in the civil docket on the folio assigned to the action and shall be marked with its file number. These notations shall be brief but shall show the nature of each paper filed or writ issued and the substance of each order or judgment of the court and of the returns showing execution of process. The notation of an order or judgment shall show the date the notation is made. When in an action trial by jury has been properly demanded or ordered the clerk shall enter the word 'jury' on the folio assigned to that action.''

"*Civil order book.* The clerk shall also keep a book for civil actions entitled 'Civil order book' in which shall be kept in the sequence of their making exact copies of all final judgments and orders, all orders affecting title to or lien upon real or personal property, all appealable orders, and such other orders as the court may direct.''

"*Costs in superior court.* . . . On the entry of judgment in favor of the plaintiff he shall pay to said clerk an additional five dollars ($5.00), provided, however, that where the property or money value of any such judgment exceeds three thousand dollars ($3,000),

said plaintiff shall pay an additional fee of five dollars ($5.00).''

The last section quoted was formerly section 1467, Revised Code, 1928.

It will be seen thereby that judgments of the superior court are divided into two classes, and that the method of their entry and the time and manner in which they take effect differ. The first class is for ''only money or costs, or that there be no recovery.'' In this case, when the court directs the entry of judgment, the clerk is under the duty of entering judgment ''forthwith upon receipt by him of the direction'', which entry is to be made in the civil docket provided by section 21–1910, *supra,* and is effective from the date of such entry. Whenever any other relief is to be granted, however, a form of judgment must be first settled and approved, in writing, by the trial judge and this becomes effective upon its filing with the clerk for recording in the civil order book, which is provided for in section 21–1911, *supra.* By the terms of section 19–204, Arizona Code, 1939, however, all existing statutes regulating procedure remain in effect until modified or suspended by the court.

■ Under section 34–110, *supra,* plaintiff was required to pay a judgment fee, and since it is not in conflict with the provisions of the new rules adopted by the court, that section remains in force. Construing this last section together with section 21–1230, *supra,* we hold that the entry of judgments of either class described therein cannot be effective until the judgment fee set forth in section 34–110, *supra,* is paid to the clerk, which in the present case was done on October 29.

■ It is evident upon examining the record that the learned trial judge did not fully appreciate that the former method of rendition of judgment required

by the rules for the superior courts, effective May 15, 1932, and commonly referred to as rule seven, no longer was in effect, and that all judgments after January 1, 1940, must be rendered in accordance with section 21–1230, *supra,* for he obviously attempted to follow rule seven in the present case.

 The judgment herein was one for the recovery of money only, and in such circumstances any formal written judgment settled and signed by the trial judge ·is mere surplusage. The record shows clearly that it was the intention of the trial judge to render judgment upon the verdict as rendered and that he overlooked the fact that rule seven was no longer in force. We think, therefore, his action on October 26 should be construed as a direction to the clerk to enter judgment under section 21–1230, *supra,* for money only, and that upon the payment of the judgment fee it was the duty of the clerk to enter such judgment upon his civil docket, and that the civil docket entries of October 26 and 29, when taken together and reasonably construed in the light of all of the rules applicable to the situation, should be considered as an entry of judgment as of the latter date, under sections 21–1230 and 34–110, *supra.*

Such being the case, the motion to dismiss the appeal should be denied, and it is so ordered.

McALISTER and ROSS, JJ., concur.