[Civil No. 4274.   Filed April 21, 1941.]

[112 Pac. (2d) 581.]

DIXON FAGERBERG, Appellant, v. W. C. DENNY, Appellee.

Mr. T. J. Byrne and Mr. Charles E. McDaniel, for Appellant.

Mr. E. S. Clark and Mr. Neil C. Clark, for Appellee, and Mr. William T. Elsing, Associate Counsel.

LOCKWOOD, C. J.—Counsel for plaintiff herein has moved to dismiss the appeal on the ground that it was not taken in time. The motion is late but counsel justifiably excuses it by pointing out that until our decision in *Southwestern Freight Lines, Ltd., et al.,* v. *Norma Shafer et al., ante,* p. 111, 111 Pac. (2d) 625, the trial bench and the bar were not certain as to just when, under the new rules, the time for taking an appeal began to run.

Upon an examination of the record it appears that on February 5, 1940, the trial judge made his written decision in Yuma county and transmitted the same to the clerk of the superior court of Yavapai county, together with the following order:

"Wherefore, by reason of the law and the premises it is now ordered that upon the coming in of a written form of judgment, and subject to its service, approval, signing and filing, judgment may be entered for the

plaintiff and against the defendant in the sum of $58,240.21, and costs.

"Dated this 5th day of February, 1940.

"HENRY C. KELLY,

"Judge sitting in said cause."

which judgment and order was filed on February 7, 1940, and the attorneys for the respective parties notified of said filing. On February 19, 1940, the clerk's docket shows the following record:

| "Mo. Day Year | Book | Page | Docket No. | From Whom | On Entering Judgment |
|---|---|---|---|---|---|
| 2/19/40 | 25 | 537 | 14384 | W. C. Denny | 10.00 |

(Clerk's Register of Action, No. 25, at page 537)

1940 Plaintiff's Costs

Feb. 19 Ent'g, filing, docketing and recording Judgment in favor of Plaintiff W. C. Denny and against Dixon Fagerberg in the sum of $58,240.21 with Int. at 6% per annum from Nov. 24. 1937, and for costs in sum of $21.80.

(Judgment entered under Secs. 3697–3698, R.C.A. 1928. Recorded Judgment Book 19 page 348)

" 19 By check W. C. Denny 10.00"

It is true that the check for the $10 filing fee was signed by plaintiff and placed in the cash book in the drawer of the clerk's office on February 15, but it was not presented and cashed until February 21. The question of when the time for appeal began to run depends upon whether at the time judgment was rendered section 19–308, Arizona Code 1939, was still in force, or whether it had been superseded by section 21–1230, Arizona Code 1939. These sections read as follows:

"19–308. *Visiting judge may transmit decision in writing.*—Whenever the judge of a superior court shall have heard a matter in any civil action or proceeding in another county, and shall have taken the same under advisement, he may thereafter make an order in writing, or reduce his decision upon the trial of the action or proceedings to writing, and sign and transmit the same to the clerk of the court wherein the action or proceeding is pending. Upon the receipt of such order or decision such clerk shall forthwith notify the

parties or their attorneys in writing that the order or decision of the judge who heard the same has been filed in his office. Such order or decision when filed with the clerk and the notice given as herein provided, shall have the same force and effect as if made within the county where such action or proceeding is pending. Upon the expiration of ten (10) days from giving such notice, in the case of a decision upon the trial of an action or proceeding, judgment shall be entered in accordance with such decision; such judgment may be signed by either the judge who issued the decision or by the judge of the county in which the action or proceeding is pending. The period within which a motion for new trial may be made shall not commence until the service of the notice by the clerk.''

''21–1230. *Entry of judgment.*—Judgment shall be entered when the court so directs. · When the direction is that a party recover only money or costs, or that there be no recovery, the clerk shall enter judgment forthwith upon receipt by him of the direction, but when the direction is for other relief, the judge shall first promptly settle and approve the form of judgment. In cases of judgments for money or costs only, or that there be no recovery, the notation thereof in the civil docket, as provided by rule 79 (a) (§ 21–1910) constitutes the entry of such judgment, and in cases granting any other relief, filing with the clerk of a form of judgment settled and approved, in writing, by the judge, for recording in the civil order book, as provided by Rule 79 (b) (§ 21–1911) constitutes the entry of such judgment, and in either case the judgment is not effective before such entry.''

■■ We have held when a judgment is rendered under section 19–308, *supra,* that no final judgment from which an appeal may be taken is rendered until either the clerk enters such judgment in conformity with the decision, or either the trial or local judge signs a written judgment and files it with the clerk after the expiration of the ten days' notice. The question involved in the case of *Brewer* v. *Morgan,* 33 Ariz. 225, 263 Pac. 630, was very similar to that raised

by this motion, and under the rule in that case the judgment herein did not become final for the purpose of appeal until the clerk entered judgment on February 19th. Notice of appeal was given on April 18, 1940. A computation will show that April 19 was the sixtieth day after the judgment became final, and the last day upon which the notice of appeal could be given. If, therefore, section 19–308, *supra,* was in effect as a rule of court upon that date, the appeal was taken in time. Section 19–308, *supra,* by the terms of chapter 8 of the Session Laws of 1939, became merely a rule of court, subject to modification or suspension by later rules promulgated by this court. Have we adopted a rule which supersedes that section? Section 21–1906, Arizona Code, 1939, which was adopted by this court as a part of the new rules of civil procedure, effective January 1, 1940, reads as follows:

*"Trials and hearings—Orders in chambers.*—All trials upon the merits shall be conducted in open court and so far as convenient in a regular court room. All other acts or proceedings may be done or conducted by a judge in chambers, without the attendance of the clerk or other court officials and at any place either within or without the county; but no hearing, other than one *ex parte,* shall be conducted outside the county without the consent of all parties affected thereby.''

■■ By its terms any act, except a trial upon the merits, may be performed by a judge in chambers, either within or without his county. We think that this rule applies to all judgments and supersedes section 19–308, *supra,* and that a direction in writing by the judge to the clerk to enter judgment, although made by the judge outside of the county where the judgment is to be entered, authorizes and directs the clerk to enter judgment in accordance with its terms, under section 21–1230, *supra.*

■■ Since the judgment in this case was for money only, it was the duty of the clerk to enter it as soon after the direction was received as the judgment fee was paid. *Southwestern Freight Lines, Ltd.,* v. *Shafer, supra.* But, by the express terms of section 21–1230, *supra,* it is the actual notation in the civil docket which starts the time for appeal running. Under the rule in the Shafer case it was the day when the last step necessary to make the judgment final *was entered in the docket* that the judgment became effective. Thus whether we apply section 21–1230, *supra,* to the situation because section 19–308, *supra,* is superseded thereby, or whether we exercise our discretion under section 21–2012, Arizona Code 1939, and since this case was begun before the new rules became effective, allow judgment to be rendered under section 19–308, *supra,* the result is the same,—the time for appeal began to run February 19.

The motion to dismiss is denied.

McALISTER and ROSS, JJ., concur.