### UNITED STATES v. MOORE et ux.

#### No. 13091.

United States Court of Appeals Fifth Circuit.

May 17, 1950.

Francis X. Riley, Sp. Litigation Atty., Ed Dupree, Gen. Counsel, Sam J. Libeu, Asst. Gen. Counsel, Office of Housing Expediter, Washington, D. C., Lowell D. Gibbons, Chief Litigation Atty., Office of Housing Expediter, St. Louis, Mo., for appellants.

Frank Cusack, Dallas, Texas, for appellee.

Before HOLMES, WALLER and BORAH, Circuit Judges.

WALLER, Circuit Judge.

This appeal by the United States arises out of the case of Moore v. United States, 5 Cir., 182 F.2d 332 and is in the nature of a cross-appeal from the judgment of the Court below in granting to the United States a judgment of $50 rather than a judgment for the amount of the rent overcharges, plus statutory damages, which overcharges the Court found to be $1,093.48.

At the outset we are met with a motion to dismiss the appeal of the Government on the ground that the notice of appeal is filed more than sixty days after the order overruling the motion of the appellees for a new trial. There is now in the record an order denying a motion for new trial which is as follows:

"On this 10th. day of October, 1949, came on for hearing the motion of the Defendant for a new trial and the Court proceeded to hear the evidence submitted in connection with the motion, and from a consideration of the said evidence and the statements and affidavits contained in the said motion, finds that it should be overruled.

"It Is, Therefore, Ordered, Adjudged and Decreed that the motion for new trial be, and it is hereby, overruled.

"Entered this 24th day of October, 1949.
                    "Wm. H. Atwell,
          "United States District Judge."

From the foregoing it will be observed that the Judge evidently determined on the 10th of October that an order should be entered overruling the motion for new trial, but the record shows that the order was not actually entered until the 24th day of October, 1949, rather than on the date when the motion was heard. The question presented to us by the motion to dismiss the appeal is whether the time for taking an appeal should run from the date on which the Judge announced his conclusion that the motion for a new trial should be overruled or from the date on which the order or judgment was actually entered by the Clerk. We think this question has been settled by this Court in the case of In re Hurley Mercantile Company et al., 5 Cir., 56 F.2d 1023, 1024, wherein Judge Sibley, speaking for the Court, said: "Usually a judgment is considered as final and perfect so as to be appealable only when entered by the Clerk. 34 C.J. 'Judgments,' § 182; 3 C.J. 'Appeal and Error,' § 1054. No transcript could be obtained of an unfiled written judgment. The statutory language fixing the time is of course important, but in the scheme of Federal appeals we believe the statutes have used the terms 'rendition' and 'entry' interchangeably rather than with technical accuracy. * * * We think Congress did not intend to establish a varying standard for beginning to count the time for ap-

338

peal, but intended that the time should run only from the perfecting of the judgment or order as final by its filing with the clerk. Such was the ruling made touching appeals to the Supreme Court in Seymour v. Freer, 5 Wall 822, 18 L.Ed. 564; (and other·named cases). In a statute relating to judgments reviewable in the Supreme Court, the term 'rendered' was held to refer to such judgments as had attained appealable perfection. * * * We hold this appeal taken within thirty days from the filing with the clerk of the judgment appealed from to be in time."

See also Rule 58, Federal Rules Civil Procedure, 28 U.S.C.A.

In the light of this holding the motion to dismiss the appeal is overruled.

■ Under Section 205 of the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1895, it is provided that the measure of damages shall be: "(1) $50, or (2) three times the amount [of the overcharges] by which the payment * * * received exceed[s] the maximum rent which could lawfully be demanded * * *, whichever in either case may be the greater amount."

Since the overcharges of $1,093.48 are more than $50, there appears to be no authority· for not rendering judgment for the United States for at least the amount of the overcharges. See Woods v. Haydell, 5 Cir., 178 F.2d 914, 915, wherein this Court said: "Whenever it is determined that there has been an overcharge, damages for the full amount of such overcharges should be awarded. Bowles v. Hasting, 5 Cir., 146 F.2d 94; Creedon, Expediter v. Olinger, 5 Cir., 170 F.2d 895. In this case the judgment should have been for all overcharges found to have occurred after the reduction order of May 18, 1945, even though the overcharges were non-willful and not caused by the failure on the part of the landlord to exercise due care."

In the companion case of Moore v. United States, supra, we have today held that there is saved to the United States only a cause of action at law to recover such overcharges as have occurred within one year from the bringing of the suit, plus dam-

ages. We do not mean to hold here that the sum of $1,093.48 is the correct amount of overcharges that occurred within such one-year period, as to the amount of which we express no opinion.

The judgment of the Court below awarding damages to the United States in the sum of $50 is reversed and the cause is remanded for further and not inconsistent proceedings.

Reversed and remanded.