Charles J. NAPIER, Plaintiff-
Appellee,

v.

The DELAWARE, LACKAWANNA and
WESTERN RAILROAD COMPANY,
Defendant-Appellant.

No. 270, Docket 23519.

United States Court of Appeals
Second Circuit.

Argued April 7, 1955.

Decided May 25, 1955.

McClung, Peters & Simon, Albany, N. Y. (George M. Simon, Albany, N. Y., Homer E. Peters, Albany, N. Y., of counsel), for plaintiff-appellee.

MacKenzie, Smith, Lewis, Michell & Hughes, Syracuse, N. Y. (Gustav P. Blaustein, Syracuse, N. Y., of counsel), for defendant-appellant.

Before HAND, SWAN and HINCKS, Circuit Judges.

HINCKS, Circuit Judge.

This is an action brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., to recover a money judgment for injuries sustained by the plaintiff while in the employ of the defendant railroad company. From the judgment entered on a jury verdict for the plaintiff, the defendant appealed. The plaintiff moved to dismiss for lack of appellate jurisdiction and argument on this motion was heard concurrently with argument on the merits of the appeal. We turn directly to a consideration of the motion to dismiss the appeal.

On March 11, 1954, upon the acceptance of the jury's verdict plaintiff's counsel in open court moved for entry of judgment. The judge observed that to translate the verdict into a judgment "only a docket entry" was necessary. This was entirely correct. Fed.Rules Civ.Proc. rule 58, 28 U.S.C.A. The judgment in accordance with this rule was docketed on March 12th.[1] On March 20th, costs were taxed and a formal judgment, which among its recitals included mention of the verdict of March 11th, was filed with the clerk. On March 18th, the defendant mailed to the district judge a notice to set aside the verdict and for a new trial. On March 19th, at the direction of the trial judge, the clerk of the district court by letter notified the attorneys that the motion would

---

1. All dates mentioned in this opinion relate to the year 1954.

come on for hearing on April 5th. On March 24th, a formal written notice of said motion theretofore mailed by the defendant's attorneys was received by the attorneys for the plaintiff. On April 2nd, the defendant filed a notice of appeal purportedly directed to "the final judgments [sic] * * * entered * * * on March 12 and March 20."

The trial judge heard argument on defendant's motion on April 5th. The decision thereon was made in a memorandum-decision of May 18th which concluded with the following: "The motion is denied in its entirety and it is so ordered." The clerk then noted in the docket "May 19, 1954 Memorandum-Decision of J. T. Foley, D. J. denying motion to set aside verdict."

On July 29th, the defendant in a covering letter submitted for the judge's signature another order denying the motion to vacate and set aside. This order was wholly duplicative of the one contained in the judge's memorandum-decision of May 18th which had been docketed by the clerk. The trial judge, apparently misled by the content of the covering letter into the belief that both parties had agreed to the entry of the duplicative order, signed it and it was promptly entered. On August 2nd defendant filed a notice of appeal from the judge's duplicative order of July 29th denying the motion to set aside. On August 9th, the plaintiff moved that the duplicative order be vacated. On the ground that the duplicative order of July 29th was surplusage and had been signed under a misapprehension, it was vacated by order on August 20th. On September 1, the defendant filed a third notice of appeal purportedly directed to the "final judgment" of March 12th and to the order of August 20th vacating the order of July 29th.

■ On the foregoing statement of facts it is plain that, under Rule 58, March 12th was the date of entry of judgment. From that date, the time for appeal began to run under Rule 73(a). See United States v. Wissahickon Tool Works, 2 Cir., 200 F.2d 936; United States v. Roth, 2 Cir., 208 F.2d 467; In re Forstner Chain Corporation, 1 Cir., 177 F.2d 572.

■ However, the finality of a judgment is terminated by a *timely* motion for a new trial under Rule 59(a). When such a motion has been *timely* "served" under Rule 59(b), Rule 73(a) prescribes that the "full time for appeal * * * commences to run * * * from the entry of" an order "denying a motion for a new trial". 6 Moore's Federal Practice, p. 3853. The reason for this is clear. If the motion is granted there is, of course, no immediate appeal; such an order would be clearly interlocutory. Since a timely motion under Rule 59 gives the trial judge power to alter, amend or vacate that judgment, its pendency necessarily terminates the finality of the original judgment which under 28 U.S.C.A. § 1291 is (with exceptions not relevant here) an essential requisite of appealability. In such a case the judgment becomes final, and hence appealable, only upon denial of the motion under Rule 59.

■ But was the motion to set aside and for a new trial timely? Such a motion under Rule 59 must be "served not later than 10 days after the entry of the judgment." Rule 59(b) and (e). Defendant's motion was "filed" when it was received by the clerk on March 19th with instructions by the Judge to notice it for hearing on April 5th. It was "served" also on March 19th when the clerk, pursuant to the Judge's direction, mailed the notice of hearing to both parties. Rule 5(b) does not require that service of a motion must be made by the moving party. Since the judgment had been entered on March 12th, the motion when served by the clerk on March 19th, was timely.

■ From this it follows that the defendant's first notice of appeal, in that it was not directed to a final order, was premature and nugatory. Aspen Mining & Smelting Co. v. Billings, 150 U.S. 31, 14 S.Ct. 4, 37 L.Ed. 986; Zimmern v. United States, 298 U.S. 167, 56 S.Ct.

706, 80 L.Ed. 1118; Leishman v. Associated Wholesale Electric Co., 318 U.S. 203, 63 S.Ct. 543, 87 L.Ed. 714; Bowman v. Loperena, 311 U.S. 262, 61 S.Ct. 201, 85 L.Ed. 177; United States v. Crescent Amusement Corp., 323 U.S. 173, 65 S.Ct. 254, 89 L.Ed. 160; Healy v. Pennsylvania R. Co., 3 Cir., 181 F.2d 934; Green v. Reading Co., 3 Cir., 180 F.2d 149; Fleming v. Borders, 9 Cir., 165 F.2d 101; Southland Industries v. Federal Communications Commission, D.C.Cir., 99 F.2d 117.

If, as we hold, the motion was timely it is clear that the appeal time began to run on May 19th,—the date when the clerk docketed the trial judge's first order denying the defendant's motion to set aside. From that date the defendant had thirty days to file a notice of appeal. F.R.C.P. Rule 73(a). The notice of appeal filed on August 2nd was obviously too late to reach the judgment which on May 19th had become final. And in so far as this notice purported to appeal from the order of July 29th, it was nugatory since, as we have shown, that order was sheer surplusage and as such could not serve to extend the time for appeal.

The defendant's third notice of appeal of September 1, like its prior notice of August 2nd, was too late to reach the original judgment. However, in so far as this notice of appeal was addressed also to the order of August 20th, which was a final order, this notice was timely. The propriety of that order is therefore properly before us. We hold that the order of August 20th, which went no further than to vacate an order which, as surplusage, was wholly without legal effect and should never have been made, was right and should be affirmed.

If it seems harsh that the appellant for lack of a timely action is foreclosed from an appeal on the merits of the judgment against it, it must not be forgotten that successful appellees will suffer hardship if belated appeals are allowed to obstruct rights adjudicated by the trial court. However that may be,

it is plain that we have jurisdiction to entertain only timely appeals. And this appeal we dismiss with less reluctance because the argument and briefs have failed to impress us with the merit of the appeal.

In so far as directed to the Order of August 20th the appeal is affirmed.

In all other respects dismissed.