298 P.2d 789

HARBEL OIL COMPANY, a Corporation, Appellant,

v.

Horace STEELE, Ethel Steele, Texas Independent Oil Company, a Corporation, and Blakely Oil, Incorporated, a Corporation, Appellees.

No. 6155.

Supreme Court of Arizona.
June 12, 1956.

Herbert B. Finn and Stephen S. Gorey, Phoenix, for appellant.

Langmade & Sullivan, Phoenix, for appellees.

UDALL, Justice.

Horace Steele, et al., as appellees, filed a motion in the above-entitled case to dismiss the appeal filed by Harbel Oil Company, a corporation, because it was not taken in time. A ruling on this motion, it appears to us, will be determinative of the appeal. The narrow question presented involves an interpretation of our rules of civil procedure. It is a matter of considerable importance and is one of first impression, hence we deem it advisable to dispose of same by a written decision rather than merely making a minute order as is customarily done.

The relevant facts, which are not in dispute, are as follows: the court, after a trial on the merits, determined that appellant Harbel Oil Company (plaintiff below) was not entitled to the relief sought and judgment was entered for defendants-appellees; a motion for a new trial was timely filed, hearing was had thereon, and the matter taken under advisement. According to the court's minutes, an order was entered on May 10, 1955, denying said motion. The civil docket shows an entry purportedly made on the same date of an "Order denying motion for new trial". The record further shows that, in accordance with the practice followed in the clerk's office, a postcard notice was mailed to counsel for appellant which recited on its face that the order in question had been entered on May 10, 1955. Hence no question arises as to appellant's attorney not being fully and promptly advised of the court's ruling. Nevertheless it was not until sixty-two days after the court's denial of said motion for new trial that a formal written notice of appeal accompanied by a cost bond was filed by appellant with the clerk of court on Monday, July 11, 1955. Upon this record counsel for appellees has moved to dismiss the appeal for lack of jurisdiction. Our rules require that an appeal be taken from a judgment within sixty days from the *entry* of an order denying a motion for a new trial, Rule 73(b), Rules of Civil Procedure. The rule is well settled in Arizona that the perfecting of an appeal within the time prescribed is jurisdictional, and where the appeal is not timely filed the appellate court acquires no jurisdiction other than to dismiss the attempted appeal. In re Gipson's Estate, 64 Ariz. 181, 167 P. 2d 383; Barth v. County of Apache, 18 Ariz. 439, 162 P. 62.

In response to the motion to dismiss, appellant urges that the appeal was timely filed if the proper date is recognized as to when the order in question was actually entered, reliance being had upon an affidavit

of the clerk of court, coupled with Rule 79 (a). The pertinent part of the latter reads as follows:

"Civil docket. The clerk shall keep a book known as 'civil docket' of such form and style as may be prescribed by the supreme court, and shall enter therein each civil action or proceeding to which these Rules are made applicable. * * * All papers filed with the clerk, all process issued and returns made thereon, all appearances, orders, verdicts, and judgments shall be noted chronologically in the civil docket on the folio assigned to the action or proceeding and shall be marked with its file number. These notations shall be brief but shall show the nature of each paper filed or writ issued and the substance of each order or judgment of the court and of the returns showing execution of process. The notation of an order or judgment shall show the date the notation is made. * * *"

The affidavit of Walter S. Wilson, clerk of court, does not purport to fix precisely when the deputy clerk made the *notation* in the civil docket; all he does say is that under the practice followed in his office such notation *could not* have been made on May 10th, but *must have been* entered on May 11th, *at the earliest,* or *possibly* on May 12th. If either of the last two mentioned dates govern, the appeal was taken timely, because July 10th was a Sunday—

see Rule 6(a), Rules of Civil Procedure—and the motion to dismiss should be denied.

The problem presented therefore is whether the time for an appeal begins to run from the date the court concededly directed the order to be entered denying the motion for new trial, or when the clerk of court, or his deputy, finally performed the ministerial act of making a notation in the Civil Docket book. In other words, from what date did the time for taking the appeal begin to run? There can be no dispute with the very plain language of Rule 73(b) to the effect that the time for an appeal begins to run from the *"entry of the judgment or order appealed from"*. On the facts of this case, what then does "entry" mean under our rules? And when was the order in question really entered? The answer to these questions depends in part upon a common sense interpretation of all of the pertinent rules of court.

Rule 58(a) provides the definition of what constitutes entry of judgment, to wit:

*"Judgment shall be entered when the court so directs.* When the direction is that a party recover only money or costs, or that all relief be denied, the clerk shall enter judgment *forthwith upon receipt by him of the direction,* * * *. In cases of judgments for money or costs only, or that all relief be denied, the notation thereof in the civil docket, as provided by Rule 79(a) constitutes the entry of such judgment, * * * and in either case

the judgment is not effective before such entry. * * *" (Emphasis supplied.)

The rule as above stated contains a patent ambiguity as to the date upon which a judgment or order shall be deemed to be entered. The first part thereof clearly gives the court control over fixing the date of judgment, i. e., it shall be entered "when the court so directs", and here that explicit direction was given on May 10th. Furthermore it is significant this sentence is not found in the counterpart of the federal rule. And speaking specifically about the time element the clerk is told to make the entry "forthwith upon receipt by him of the direction". The generally accepted meaning of "forthwith" is immediately—without delay—promptly. Were this all that the rule provided, no question seemingly could arise here that the date of the court's direction, to wit: May 10, 1955, was the date of entry. However, the provision is then made that notation in the civil docket "constitutes the entry of such judgment". Rule 79(a) then provides that "The notation of an order or judgment shall show the date the notation is made." It is argued that this notation date—in this instance May 11th or possibly May 12th—sets the time for appeal running. The difficulty with this contention is that it is totally at odds with the mandate of the first part of the rule. Were the latter date to be made controlling, the entry would be neither forthwith nor upon receipt of the direction and in effect would nullify the specific provision of Rule 58(a). Equally important, it would *not* be the date of entry directed by the court.

It should be noted that we are not here confronted with the application of the last portion of Rule 58(a) where formal written judgments are required, which we discussed in Southwestern Freight Lines v. Shafer, 57 Ariz. 111, 111 P.2d 625; nor with the problem of the clerk's right to refuse to enter a judgment until the judgment fee is paid, considered in Sligh v. Watson, 67 Ariz. 95, 191 P.2d 724; nor with an order entered elsewhere by a visiting judge and transmitted by mail to the clerk as was the case in Fagerberg v. Denny, 57 Ariz. 188, 112 P.2d 581. Here a simple order denying a motion for new trial is involved, no fee was required, and no formal written order was contemplated or necessary.

Admittedly the argument of appellant that the notice of appeal was timely filed, finds support in Moore's Federal Practice, see Vol. 7, Part IX, Appeals, Ch. 73, p. 3147, and in the case of United States v. Moore, 5 Cir., 182 F.2d 336. However, it should be pointed out that the provisions of Federal Rule 58(a), which Professor Moore is discussing, differ materially from our own rule, in that it is provided:

"Unless the court *otherwise* directs * * * judgment upon the verdict of a jury shall be entered forthwith *by the clerk;* * * *." (Emphasis supplied.)

Under the rules as promulgated by this court we have intentionally rejected this practice in Arizona and have adopted instead a rule which places the court "in the driver's seat", and it is the court's direction and not the clerk's mechanical transcription therefrom which fixes the date of entry of an order such as this.

As to the case of United States v. Moore, supra, we think it is distinguishable on its facts which robs it of any value as an authority. There the question was as to the true date of entry of an order. The written order signed by the district judge recited that the matter came on for hearing before him on October 10th, but advice of his ruling thereon apparently was not transmitted to the clerk until it was filed with him on October 24th; hence obviously the latter date would control.

Another illustration of diversity between the federal and Arizona rules, which casts significant light on the position of the clerk of court in our system as distinguished from the federal system, is found in Rule 55, 28 U.S.C.A. Paragraph 1, subdivision (b) thereof provides that default judgment may be entered by the clerk without prior application to the court. This provision has been left out of the Arizona rule completely; on the contrary, the local rule is specific that:

> "In *all* cases the party entitled to a judgment by default *shall apply to the court therefor,* * * *."* (Emphasis supplied.)

Again, Federal Rule 68 allows the clerk to enter judgment upon an offer of judgment, whereas Arizona Rule 68 inserts the words *"at the direction of the court".*

This deprivation of the clerk's power to enter judgments by default or stipulation in the absence of court action is particularly significant in deciding the problem raised by Rule 58(a), namely, whether the clerk shall have the power to fix the date from which a judgment becomes effective by the ministerial act of making a notation in the civil docket. If this latter time controls then by procrastination or delay an overworked or dilatory clerk might enlarge the time for taking an appeal for days or even weeks. Certainly such is not our idea of the meaning of this rule. Any other holding would, under our practice, disregard considerations of certainty and stability and invite in a contested matter "a battle of affidavits" as to when the ministerial work by the clerk of completing the record actually took place.

It appears from an examination of the reported cases in Arizona, as well as in the original files of this court, that the practice now being followed by the clerks of court in this state is consistent with our holding in the instant case, i. e., as here, in making the notation in the civil docket the clerk adopts the court's minute order date as controlling, irrespective of when he actually gets around to making the entry in the docket.

In construing our own rules we recognize and typically give much weight

to interpretations made of similar federal rules. However, in those scattered instances wherein this court has determined to depart somewhat from the federal rules, we feel no blind devotion thereto is required. It is worthy of note that the preface to the original Rules of Civil Procedure adopted by this court in June, 1939, and effective January 1, 1940 states:

"* * * They are, in substance, the new Federal Rules of Civil Procedure, modified in a few instances to suit our local conditions. * * *" A.C.A.1939, § 21–201 note.

Procedural uniformity on a national scale is a generally desirable goal to which the state courts may well aspire. But conformity to a standard established by other courts to meet conditions and problems dissimilar to those on the local level is desirable only to the extent that it is feasible. Where the more general federal practice is not adaptable to the exigencies of the Arizona courts and methods, then the general must defer to the specific. As we have heretofore shown there are instances where Arizona practice differs materially from that of the federal district courts, and necessarily so. Another such instance is here presented.

For the reasons above stated we hold that in the instant case the controlling date of entry is May 10th, hence the notice of appeal was not timely filed and we have no jurisdiction but to dismiss the appeal. It is so ordered.

PHELPS and STRUCKMEYER, JJ., concur.

LA PRADE, Chief Justice (dissenting).

I respectfully present this dissent for the reason that I feel that a great injustice is being perpetrated by the summary dismissal of appellant's appeal predicated upon a gross misinterpretation of our rules.

The problem before us concerns the point in time at which the sixty-day period allowed for an appeal from the denial of a motion for new trial begins to run. Is it the date the order denying the motion is rendered, or the day the notation of the court's action is made by the Clerk of Court in the Civil Docket Book, or is it the point at which the trial judge directs the Clerk to note the order in the Civil Docket Book? The majority opinion has concluded that it is the last of the aforementioned possibilities.

Rule 73(b) of the Rules of Civil Procedure provides:

"1. When an appeal is permitted by law to the supreme court, it shall be taken by notice filed with the superior court within sixty days from the *entry* of the judgment or order appealed from, * * *.

"2. The time for appeal is extended by a timely motion made pursuant to any of the Rules hereinafter enumerated, and the full time for appeal fixed in this subdivision commences to run and is to be computed from the *entry* of any of the following orders made

· upon a timely motion under such Rules:

\*　\*　\*　\*　\*　\*

"(iv) Denying a motion for a new trial under Rule 59." (Emphasis supplied.)

There can be no dispute with the very plain language of the above rule to the effect that the time for an appeal begins to run from the "entry of the judgment or order appealed from". That alone, however, is not determinative of the problem since it first becomes necessary to ascertain the meaning of "entry" under our rules.

The two rules which give us the answer are Rule 79(a) and Rule 58(a). Rule 79(a) reads in part as follows:

"Civil docket. The clerk shall keep a book known as 'civil docket' of such form and style as may be prescribed by the supreme court, and shall enter therein each civil action or proceeding to which these Rules are made applicable. \* \* \* All papers filed with the clerk, all process issued and returns made thereon, all appearances, orders, verdicts, and judgments shall be noted chronologically in the civil docket on the folio assigned to the action or proceeding and shall be marked with its file number. These notations shall be brief but shall show the nature of each paper filed or writ issued and the substance of each order or judgment of the court and of the returns showing execution of process. *The notation of an order or judgment shall show the date the notation is made. \* \* \*"* (Emphasis supplied.)

This rule makes it mandatory upon the clerk to keep a "civil docket", and, inter alia, requires all judgments and orders to be noted. Significantly, "The notation of an order or judgment shall show the date the notation is made", not the date the order or judgment was rendered, *nor the date upon which the court directed the clerk to make the entry.* By Rule 58, entitled "Entry of judgment", this act of notation alone, and nothing else, becomes the "entry" of the judgment. Rule 58(a) reads as follows:

"Entry. Judgment shall be entered when the court so directs. When the direction is that a party recover only money or costs, or that all relief be denied, the clerk shall enter judgment forthwith upon receipt by him of the direction, but when the direction is for other relief, the judge shall first promptly settle and approve the form of judgment. *In cases of judgments for money or costs only, or that all relief be denied, the notation thereof in the civil docket, as provided by Rule 79(a) constitutes the entry of such judgment,* and in cases granting any other relief, filing with the clerk of a form of judgment approved and signed by the judge, for recording in the civil order book, as provided by Rule 79(b) constitutes entry of such judgment, *and in either case the judgment is not effective before such entry.* The entry

of the judgment shall not be delayed *for taxing costs*." (Emphasis supplied.)

A plain reading of this rule indicates that in a case such as this one, the clerk is to enter judgment forthwith upon the direction of the court. But the language is eminently clear that "the notation thereof in the civil docket * * * constitutes the entry of such judgment" and not the direction by the judge to the clerk. That is precisely where the majority has, in my opinion, made its mistake. It has confused the *giving* of an order by a superior (the *direction* by the judge to the clerk to enter the judgment) with the *carrying out* of that order (the *actual notation* by the clerk in the civil docket). The majority finds "a patent ambiguity" in language which could hardly be more precise or unequivocal. But we need not rely on the interpretation of Rule 58 by this dissenter alone. Let us instead look at a statement made by the foremost expert in the United States on the subject of federal procedure and see how he construes Rule 58 of the Federal Rules of Civil Procedure which is substantially the same as our Rule 58 and from which our rule was taken. In his treatise entitled Federal Practice, Moore states at p. 3506, Vol. 6:

"After the rendition of the judgment comes its entry. Rule 58 defines 'entry of judgment' in this manner:

" 'The notation of a judgment in the civil docket as provided by Rule 79(a) constitutes the entry of the judgment; * * *.'

"A notation of a judgment is effected, pursuant to Rule 79(a), when the clerk makes a brief entry of the substance of the judgment in the civil docket on the folio assigned to the action. The *entry of judgment, then, involves a ministerial act of the clerk* that follows the rendition of the judgment, which is the pronouncement by the court of its judicial act of adjudication." (Emphasis supplied.)

Again in Vol. 7 of the same treatise, at p. 3147, Moore adds:

"The language of amended Rule 73 (a) providing that the time for appeal shall ' * * * be computed from the entry of * * * orders * * *' granting or denying a motion specified in subdivision (a) of the Rule contemplates both an order and its entry in the docket in connection with such motion. *And the time for taking an appeal runs from the day on which an order disposing of the motion is entered by the clerk*, rather than from the day on which the district judge announces his conclusions as to the motion. * * *" (Emphasis supplied.)

See, also, Mosier v. Federal Reserve Bank of New York, 2 Cir., 1942, 132 F.2d 710; United States v. Moore, 5 Cir., 1950, 182 F.2d 336; Napier v. Delaware, Lackawanna and Western R. Co., 2 Cir., 1955, 223 F.2d 28.

The majority opinion states that Rule 58(a) of our rules and its federal counterpart differ in their effect on the entry of judgments, but again I find myself in disagreement. Under the federal rule the clerk is directed forthwith to enter the judgment upon a verdict unless the court otherwise directs. Under our rule the clerk is also directed forthwith to enter judgment, but only after direction by the court. Under the authorities cited above there is no judgment under the federal rules until notation of it is made in the civil docket. Rule 58, Federal Rules of Civil Procedure, reads in part as follows:

"* * * The notation of a judgment in the civil docket as provided by Rule 79(a) constitutes the entry of the judgment; and the judgment is not effective before such entry. * *"

This provision in our rule is identical. Under the specific wording of the federal rule and numerous interpretations by federal courts of appeal, the judgment or order is not entered until it is noted in the docket book. This is true regardless of the fact that the clerk is required to make the entry forthwith.

The majority refer to several differences between the federal rules and ours, but, such references (to Rules 55 and 68) seem to be wholly irrevelant to the issue in this case.

The majority opinion admits that procedural uniformity on a national scale is a desirable goal, but then contends that in this instance the local conditions in Arizona require a different interpretation than that placed on Rule 58(a)'s federal counterpart. Significantly, however, the majority do not mention or suggest even one specific fact or indication why local conditions require such a different interpretation. It is here submitted that no such difference in national and local conditions or problems exists in this particular instance.

As I interpret the majority opinion the entry of a judgment or order takes place when the judge *directs* the clerk to make a notation of such judgment or order in the civil docket (and this act starts the time for appeal running), with the result that even if the clerk should completely fail to make the appropriate notation in the civil docket book, sixty days later the time for appeal would have expired. By this interpretation the provisions in Rules 58(a) and 79(a) for the notation of judgments and orders, not required to be in writing, in the civil docket become superfluous and the purpose behind them, of providing a public record of court decisions, entirely defeated.

In view of the unequivocal language of our rules plus the construction placed on substantially identical provisions by the federal courts and Professor Moore, I conclude that this appeal was timely, notice having been given within sixty days from entry of the order. The clerk of the court or one of his deputies erred, however, in placing in the civil docket book the date

"May 10" when in truth and in fact the order was not entered on that date.

In my opinion the majority has not interpreted the rules, but amended them by judicial decision.

The motion to dismiss the appeal should be denied.

WINDES, Justice.

I concur in the dissent of Chief Justice LA PRADE.