301 P.2d 757

**HARBEL OIL COMPANY, a corporation, Appellant,**

**v.**

**Horace STEELE, Ethel Steele, Texas Independent Oil Company, a corporation, and Blakely Oil, Incorporated, a corporation, Appellees.**

**No. 6155.**

Supreme Court of Arizona.

Oct. 2, 1956.

Herbert B. Finn and Stephen S. Gorey, Phoenix, for appellant.

Langmade & Sullivan, Phoenix, for appellees.

Shute & Elsing, and Terrence A. Carson, Phoenix, amici curiæ, on rehearing.

LA PRADE, Chief Justice.

On June 12, 1956, this court ordered the dismissal of the pending appeal in this case upon the ground that the appeal had not been timely perfected. Harbel Oil Co. v. Steele, 80 Ariz. 368, 298 P.2d 789. The facts as therein set forth are correct and need not be restated.

Upon the authority of the holdings in Sligh v. Watson, 67 Ariz. 95, 191 P.2d 724, and Fagerberg v. Denny, 57 Ariz. 188, 112 P.2d 581, and the fuller and correct analysis of the applicable rules relating to entry of judgment as set forth in the dissenting opinion in the case as originally reported, it is our opinion that an erroneous conclusion was reached in the majority opinion, and that the order of this court dismissing the appeal should be vacated and the appeal reinstated.

This record discloses that deputy clerks of court assigned to various divisions of the Superior Court in Maricopa County oftentimes do not conclude their courtroom duties until the end of the day. These deputy clerks, or other deputy clerks in the office of the clerk, on succeeding work days, copy into the civil docket all orders and judgments made by the judge on preceding days. By Rule 79(a) "* * * The notation of an order or judgment shall show the *date the notation* is made * *" (emphasis supplied) and by Rule 58(a) "* * * the notation thereof in the civil docket, as provided by Rule 79(a) constitutes the *entry* of such judgment * * and in either case the judgment is not effective before such entry. * * *" (Emphasis supplied.) For our purpose here it is immaterial when the order or judgment was announced or ordered—it was not effective until it was entered in the docket.

The clerk, when he enters an order or judgment in the docket, is obliged to show the date that he does it; that is, the date that he is actually entering (noting) the order or judgment. When the clerk notes an order or judgment in the civil docket he is not privileged to date it back to the date that the judge ordered the entry. The dates reflected in the docket should be the actual dates on which the clerk is making the notation or entry.

Judges of the Superior Court should instruct the Clerks of Superior Court that when they make any notation

or entry in the civil docket of orders denying motions for new trial and judgments, that the date ascribed to the notation (entry) should reflect the actual date thereof. The civil docket is a public record and should speak the truth. The effective date of such orders and judgment is the *date* of notation in the civil docket. In the instant case the appeal was timely taken, notice of appeal having been given within sixty days from the entry of the order denying the motion for a new trial.

For the reasons herein expressed the order of this court heretofore made dismissing the appeal in the instant case is vacated, and the appeal is reinstated.

It Is So Ordered.

WINDES, J., concurs.

STRUCKMEYER, Justice (specially concurring).

I feel compelled to concur with the order reinstating this appeal while at the same time agreeing with Justices Udall and Phelps that a judgment or order of court should be effective immediately upon being pronounced and not dependent upon the purely ministerial act of the clerk in transcribing it into the Civil Docket, an act which might be indefinitely postponed through inadvertence, neglect or sheer perversity. I have re-examined Sligh v. Watson, 67 Ariz. 95, 191 P.2d 724, and Fagerberg v. Denny, 57 Ariz. 188, 112 P.2d 581,

and now am of the opinion that the prior pronouncements of this court support the conclusion that it is the notation in the Civil Docket which starts the time for appeal running. I am of the further opinion that the interpretation of a rule of procedure ought not be changed, so to speak, in midstream to the inalterable prejudice of a litigant.

UDALL and PHELPS, Justices (dissenting).

We adhere to the views expressed in the majority decision of June 12, 1956, which ordered a dismissal of the appeal.