486 P.2d 181

Isabelle EDWARDS and Mason Edwards, her husband, Appellants,

v.

Edwin B. YOUNG and Edwin F. Young, Appellees.

No. 10260–PR.

Supreme Court of Arizona, In Banc.

June 24, 1971.

J. William Moore, Phoenix, for appellants.

Johnson & Tucker, Phoenix, for appellees.

STRUCKMEYER, Chief Justice.

Appellants Isabelle and Mason Edwards instituted suit against Edwin B. Young, a minor, and Edwin F. Young, his father, for injuries suffered by Isabelle as a result of an automobile accident allegedly caused

by the tortious conduct of the minor, Edwin B. Young. A jury trial resulted in a verdict for the Youngs, and after a motion for a new trial was denied, this appeal followed. The Court of Appeals dismissed the appeal and we accepted review to consider the question raised.

The problem centers around the proper interpretation of the Arizona Rules of Civil Procedure, 16 A.R.S. Rule 59(d) thereof requires that a motion for a new trial shall be filed not later than ten days after entry of judgment. Rule 73(b) requires that notice of appeal must be filed within sixty days from the judgment, but that the time for appeal is extended by a "timely" motion for a new trial. In that event, the sixty days runs from the entry of an order denying a motion for a new trial.

This sequence of events occurred:

| | |
|---|---|
| April 17, 1969 | Judgment entered for appellees. |
| April 22, 1969 | Appellant's attorney received actual notice that judgment had been entered. |
| May 2, 1969 | Motion for a new trial served and filed. |
| June 3, 1969 | Order entered denying a motion for a new trial. |

Notice of appeal was filed on August 4, 1969, within sixty days of June 3rd, but not within sixty days of entry of judgment.

Appellant's counsel states that he was not in court on the 17th of April, the day judgment was rendered, and he did not learn of the judgment until five days later. He immediately called opposing counsel and the two agreed that appellant should then have the full ten days contemplated in Rule 59(d) in which to serve a motion for a new trial. The trial court accepted the motion as timely, and ruled on the merits. Appellant then filed his notice of appeal. The Court of Appeals refused to entertain the appeal on the merits, stating that it lacked jurisdiction because the motion for a new trial had not been "timely."

█ The instant case is one of first impression in Arizona. Because Arizona has substantially adopted the Federal Rules of Civil Procedure, we give great weight to the federal interpretations of the rules. Jenney v. Arizona Exp., Inc., 89 Ariz. 343, 362 P.2d 664; Harbel Oil Co. v. Steele, 80 Ariz. 368, 298 P.2d 789.

Appellant relies on federal interpretations, Thompson v. Immigration and Naturalization Service, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404, and Pierre v. Jordan, 333 F.2d 951 (9th Cir.), 8 F.R.2d 73a. 63, Case 1. Both concerned a lack of "timeliness" under Rule 59 and the subsequent appeals under Rule 73. Both appeals were allowed because of the "unique circumstances" existing. In Thompson, the petitioner relied on a statement of the district court that the motion was made "in ample time" and in Pierre, appellant was a layman acting *in propria persona,* whose ignorance of the federal rules was felt excusable.

█ Nonetheless, we do not think the appeal was timely. It is settled in Arizona that the perfecting of an appeal within the time prescribed is jurisdictional; and, hence, where the appeal is not timely filed, the appellate court acquires no jurisdiction other than to dismiss the attempted appeal. Patterson v. Patterson, 102 Ariz. 410 at 415, 432 P.2d 143; Murphey v. Gray, 84 Ariz. 299 at 307, 327 P.2d 751; Harbel Oil Co. v. Steele, supra, 80 Ariz. at 370, 298 P.2d 789; In re Gipson's Estate, 64 Ariz. 181 at 183, 167 P.2d 383; Burney v. Lee, 59 Ariz. 360, 129 P.2d 308.

█ There are, of course, two additional facts which were not present in the foregoing cases; first, the understanding of opposing counsel that appellant would have a full ten days after he received notice of the judgment within which to file the motion for a new trial, and that the trial court ruled upon the motion for a new trial. The majority in Thompson recognized the "obvious great hardship to a party." The four dissenting judges stated, "Rules of procedure are a necessary part

of an orderly system of justice. Their efficacy, however, depends upon the willingness of the courts to enforce them according to their terms."

Rule 6(b) of the Arizona Rules of Civil Procedure provides that the time under 59(d) may not be enlarged. It is a corollary of Federal Rule 6(b) and provides:

"6(b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion:

\* \* \* \* \* \*

2. upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect, but it may not extend the time for taking any action under Rule \* \* \* 59(d), \* \* \*."

We are convinced that where, as here, the Rules of Civil Procedure specifically recognize that the time for filing of a motion for a new trial may not be enlarged, the efficacy of the rule depends upon the willingness of the courts to enforce it. We hold that the time may not be extended by agreement of counsel nor is jurisdiction thereby conferred upon the trial court to rule upon the merits of the motion.

Although this holding may create some hardship as in the instant case, the rule is clear and we take it as we find it. In general, opposing parties have their rights too, and one of them is to feel secure in the knowledge that they are finally freed from the burdens of a suit. They cannot do this as long as a case may be re-opened because of allegedly "unique circumstances" occurring after the time for appeal has passed.

The appeal is dismissed.

HAYS, V. C. J., and UDALL and LOCKWOOD, JJ., concur.

NOTE: Justice JAMES DUKE CAMERON did not participate in the determination of this matter.